Clair M. BURKE, Appellant,

v.

The UNITED STATES of America, Appellee.

No. 13475.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 9, 1956.

Decided Nov. 8, 1956.

Mr. Samuel F. Ianni, Washington, D. C. (appointed by the District Court), for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Harold J. Rogers, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.

PER CURIAM.

Appellant was indicted under D.C. Code, § 22–903 (1951, Supp. IV)[1] on two counts; Count One charged wilful non-support of his destitute wife and Count Two charged wilful non-support of his five named minor children. While represented by counsel, appellant entered a plea of guilty and was sentenced to one year on each count. The sentences, which were to run consecutively, were suspended and appellant was placed on two years' probation. Failure to comply with the terms of the probation led to revocation of the suspension and commitment under the sentences. This appeal is from the district court's denial of a motion for relief under 62 Stat. 967 (1948), 28 U.S.C. § 2255 (1952).

Appellant urges that the structure of the statute and the use of the disjunctive "or" show the statute contemplates that only one offense be charged, based upon the non-support of either the wife *or* the children or both. Having been charged and sentenced separately on one count as to his wife and a second count as to his children, appellant contends he has been charged and sentenced twice for a single offense.

That part of the statute which makes the non-support of the wife an offense rests primarily on violation of a

---

1. "Wilful neglect or refusal to support wife or minor child—Punishment—Order of allowance—Recognizance—Trial under original charge.

"Any person in the District of Columbia who shall, without just cause, desert or wilfully neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances, *or* any person who shall, without just excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her minor children under the age of sixteen years in destitute or necessitous circumstances, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine of not more than $500 or by imprisonment in the workhouse of the District of Columbia for not more than twelve months, or by both such fine and imprisonment * * *." (Emphasis supplied.)

duty which arises from the marriage relationship and is limited to acts by a *husband* against a wife, whereas the existence of a marital state is not essential to make out an offense against a minor child and either parent may be charged with a violation under the second clause of the statute. Thus, we believe Congress was concerned with two crimes, one by a husband against his wife and the other by *any person* against his or her minor child.[2]

Finding no error in the indictment or in the sentences the judgment of the district court is

Affirmed.

---

2.  The structure of the statute, treating the two offenses in separate clauses, supports this construction. See Rapeer v. Colpoys, 1936, 66 App.D.C. 216, 219, 85 F.2d 715, 718; Williams v. State, 1921, 89 Tex.Cr. R. 560, 232 S.W. 507, 508.