WIGGINTON, Judge.
This appeal is from a conviction and sentence on Counts Two and Four of an information filed against defendant. Count One, charging a conspiracy to violate the Beverage Law, was quashed on defendant’s motion. Count Three, charging possession of a still and still apparatus, was abandoned by the State and no evidence was adduced relative thereto.
By this appeal appellant questions the sufficiency of the evidence to sustain the verdict of conviction; the action of the trial c’ourt in denying his motion for a bill of particulars; the several rulings of the court with respect to the admissibility of evidence; and the court’s refusal to give certain requested charges. We have carefully considered each of the assignments of error as they relate to the points on appeal, but will confine our opinion solely to those phases of the case which we consider meritorious.
Count Two of the information charged defendant with violation of F.S. § 562.451(4), F.S.A., which provides that any person owning or possessing one gallon or more of moonshine whiskey shall be deemed guilty of a felony. Since the trial of this cause, and the entry of the purported judgment and sentence from which appeal is taken, our Supreme Court has declared the abovementioned section of the statute invalid.[1] It therefore follows that the conviction under Count Two of the information cannot be sustained, and the sentence entered consequent thereon must be reversed.
Count Four of the information charged defendant with the violation of F.S. § 562.32, F.S.A., which provides that every person who removes, deposits, or conceals, or is concerned in removing, depositing or concealing any beverage for or in respect whereof any tax is imposed by the beverage law or would be imposed if such beverage were manufactured in or brought into this State in accordance with the regulatory provisions thereof, with intent to defraud the State of such tax, shall be guilty of a felony. The evidence intro'duced by the State shows that defendant was apprehended near a moonshine whiskey still in a swamp located in a remote section of the county, that parked nearby was a truck containing a number of one gallon containers of moonshine whiskey; and, also, identifies defendant as having been at or about the said truck. There was ample other evidence which, if believed by the jury, was sufficient to sustain a conviction under this count.
Turning now to the judgment and sentence we find from a review of the stenographic report of the trial proceedings that at the time the jury’s verdict was received and filed the court made the following statement from the bench: “The Court: ‘Mr. Byrd, the jury has found you guilty and the Court does now adjudge you to be guilty under the second and fourth counts of the information. I’ll pass sentence after disposition of the motion for new trial.’ (Thereupon, court adjourned.)” The record-on-appeal reveals the following excerpt from the Circuit Court Minutes, entered subsequent to the filing of the jury’s verdict: “The Court: ‘Travis Byrd, Jr., you have been informed *54 against by the State Attorney charging you with the crime of Conspiracy to Violate Beverage Law, etc. Having pled not guilty and a jury having found you guilty of Conspiracy to Violate Beverage Law, etc., the Court now adjudges you guilty of Conspiracy to Violate Beverage Law, etc. The Court will pass sentence upon you after disposition has been made on a motion for a new trial.’ ” Insofar as this excerpt is concerned, it must be recalled that Count One of the information charging conspiracy was quashed by the court and therefore cannot support a conviction. An additional excerpt from the Circuit Court Minutes reads in part as follows :
“The Court: ‘Travis Albert Byrd, you have been convicted by a jury on January 28, 1958, finding you guilty as charged in the Second and Fourth Count of the information filed by the State Attorney on November 22, 1957.
“What have you to say why the sentence of the law should not be imposed upon you at this time?
“Saying nothing sufficient, it is the sentence, judgment, and order of the Court that you be delivered by the Sheriff of Union County for the crime that you have been adjudged guilty into the custody of the division of corrections of the State of Florida for the full term and period of three years at hard labor.’ ”
We are of the opinion that the first quoted excerpt from the Minutes, by which appellant was purported to be adjudged guilty of conspiracy to violate the beverage laws, is an insufficient judgment as a matter of law. An accused cannot be convicted of one crime and thereupon be adjudged guilty and sentenced for another, even though the offenses are closely related and may be of the same general character. A judgment of guilty must conform to the offense for which the defendant stands convicted by the jury.[2] Since the count charging defendant with conspiracy to violate the beverage laws was quashed prior to the trial, any purported judgment on that count of the information would be void and of no effect.
We do not conceive that the announcement by the court at the conclusion of the trial and filing of the jury’s verdict, by which defendant was advised that he had been convicted of Counts Two and Four of the information and was therefore adjudged to be guilty thereof, is a proper judgment of conviction as contemplated by law. This announcement does not appear to have been recorded in the form of a judgment in any of the records of the court in which defendant was tried and convicted.[3]
The remaining excerpt from the Circuit Court Minutes merely constitutes an acknowledgment by the court that the jury had found the defendant guilty under the information filed against him. Thereupon, the court ordered that he be delivered by the Sheriff of Union County into the custody of the division of corrections for the State of Florida for a period of-three years at hard labor for the crime which he had been “adjudged guilty.” This presupposes that a judgment of guilt had been previously entered by the court. Such, however, does not appear from the record. Furthermore, the sentence imposed was for two separate and distinct crimes. We have reversed that portion of the conviction by which defendant was found guilty under Count Two, charging the crime of possession under F.S. § 562.451 (4), F.S.A., but are unable to discern what portion of the sentence imposed, if any, related to that alleged crime.
The circuit court, being one of general jurisdiction, speaks only by its official record and when that is deficient the rem *55 edy is by correction to make the record speak the truth.[4]
For this reason the cause is hereby remanded to the trial court for the entry of an appropriate judgment and sentence.[5]
STURGIS, C. J., and DAYTON, ORVIL L., Associate Judge, concur.

. State v. Altman, Fla.1958, 106 So.2d 401.

. Perkins v. Mayo, Fla.1957, 92 So.2d 641.

. F.S. § 921.02, F.S.A.

. Sneed v. Mayo, Fla.1953, 66 So.2d 865.

. See Williams v. State, Fla.App.1958, 101 So.2d 877.