254 So.2d 379 (1971)
Herbert ROBINSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-481.
District Court of Appeal of Florida, Third District.
November 9, 1971.
Phillip A. Hubbart, Public Defender, and Lewis S. Kimler, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and J. Robert Olian, Asst. Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and BARKDULL, JJ.
*380 PER CURIAM.
By an information the appellant was charged with torturing or unlawfully punishing two children under the age of sixteen years, in violation of F.S. § 828.04(1), F.S.A., a felony with prescribed penalties of punishment by imprisonment not exceeding twenty years in the state penitentiary or fine not exceeding $10,000 or both. He was tried before a jury in the criminal court of record of Monroe County, where he was found and adjudged guilty of the lesser offense provided in subsection 2 of that section of the statutes, under which it is made a felony for a person to willfully or wantonly, unnecessarily or excessively chastise "his child or ward," with prescribed penalties of imprisonment in the state penitentiary not exceeding two years or fine not exceeding $2,000 or both.
The children involved were those of a woman with whom, at the time of the alleged offense and for some time prior thereto, the appellant had been cohabiting, and had been furnishing support for her and her children. Acts of the defendant sufficient to support the verdict were shown in evidence.
In seeking reversal the appellant presents several contentions. Appellant argues the trial court committed error in allowing into evidence an inculpatory statement made by him to the police, because he had not been taken before a committing magistrate for preliminary hearing. We hold that contention to be without merit. See State ex rel. Carty v. Purdy, Fla. 1970, 240 So.2d 480. With reference thereto the state points out that the defendant, at trial, did not object on that ground to admission of the statement. See Silver v. State, Fla. 1960, 188 So.2d 300; Bertone v. State, Fla.App. 1969, 224 So.2d 400.
Appellant contends further that the court erred by failing to grant a mistrial following certain questions by the state relating to prior convictions. Appellant argues that the questions relating thereto went beyond that which is permitted by § 90.08 Fla. Stat., F.S.A. That section of the statutes provides that conviction of a crime (other than perjury) shall not disqualify a witness, but that evidence of such conviction can be given to affect the credibility of the witness, and that such conviction may be proved by questioning the witness (with reference thereto) "or, if he deny it, by producing a record of his conviction."
Here the defendant testified in his own behalf. The final question put to him by his attorney was "Have you ever been convicted of a crime?" Instead of answering "yes" (which would have precluded further inquiry) the answer given by the defendant to that question was "Once." Upon cross-examination, after the witness had confirmed his prior answer that he had been convicted only once, the state attorney interrogated the defendant with reference to whether he had not been convicted on two certain occasions, at times and places which were designated. The witness stated he did not recall either, and later explained that the conviction to which he had alluded was neither of those thus suggested by the state. No objection was interposed to the foregoing on behalf of the defendant. The only objection made during the cross-examination on that subject was one to a subsequent question as to whether the crime of which the defendant had been convicted was assault and battery. To that question the defendant's attorney objected, without stating a ground therefor. The record does not reflect any ruling by the court on that objection. The defendant answered: "Yeah." No motion for mistrial was made with reference to the foregoing. We hold, without observing need for elaboration, that the matter above referred to was not in violation of § 90.08, and did not constitute harmful error.
The further contention of the appellant, that the court erred in charging the jury with regard to the lesser included offense set out in subsection (2) of § 828.04, is patently without merit. See § 919.16 Fla. Stat.
*381 Additionally, appellant contends his conviction of violation of subsection (2) of section 828.04 should be reversed because that subsection relates to mistreatment or chastisement by a person of "his child or ward." Appellant argues that since he was not the parent of the children and had not been appointed as their guardian, he could not be convicted thereunder. We cannot agree. The statute was enacted for protection of children, and is entitled to liberal construction. Being a person living with the mother of the children and supporting her and the children, the defendant was sufficiently within a position of a person as described in the statute. See Campbell v. State, Fla. 1970, 240 So.2d 298; Medders v. State, 1959, 100 Ga. App. 216, 110 S.E.2d 709; Burke v. United States, 1956, 99 U.S.App.D.C. 230, 239 F.2d 50.
The judgment is affirmed.