BOYER, Judge.
An information was filed against the defendant entitled “Information for Torturing or Unlawfully Punishing Children.” The information charged that the defendant “did then and there unlawfully and willfully torture and cruelly with malice torment and punish BEN BOYETTE, JR., a child under the age of sixteen (16) years, to-wit: two (2) years of age, contrary to the provisions of Section 828.-04(1), Florida Statutes.”
Florida Statute § 828.04, F.S.A., contains two subsections, and is as follows:
“828.04 Torturing or unlawfully punishing children.—
“(1) Whoever unlawfully or willfully tortures, cages, or mutilates, or whoever cruelly, wantonly, or with malice, torments or punishes, any child under the age of sixteen years or whoever, in committing a battery upon any child under the age of sixteen years, intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement to such child is guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
“(2) Whoever willfully or wantonly deprives of necessary food, clothing, or shelter any child under the age of sixteen years, whoever willfully or wantonly deprives of necessary sustenance, *691 raiment, treatment, or attention his child or ward, or whoever willfully or wantonly, unnecessarily or excessively chastises his child or ward, is' guilty of a misdemeanor of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084.”
The trial court, at the conclusion of the trial, in its charge to the jury, described the necessary elements requisite to a conviction under Subsection (1) of the statute, that being the portion of the statute under which the defendant was specifically charged. The court also instructed the jury as to the lesser included offense contained in Subsection (2) of the statute, viz: The crime of “willfully or wantonly, unnecessarily or excessively” chastising a child.
A form verdict was submitted to the jury, being as follows:
IN THE CIRCUIT COURT IN AND Jacksonville, Florida
FOR DUVAL COUNTY, FLORIDA DIVISION S CASE NO. 73-1154 Date: Apr 20, 1973
STATE OF FLORIDA
INFORMATION FOR: Torturing or unlawfully Punishing Children VS: Huey W. Thrift
VERDICT
WE, THE JURY, FIND THE DEFENDANT NOT GUILTY.
WE, THE JURY FIND THE DEFENDANT GUILTY OF Torturing or Unlawfully Punishing Chrildren [sic] as Charged in the Information.
WE, THE JURY, FIND THE DEFENDANT GUILTY OF Wil-fully or Wantonly and Unnecessarily Chastising a Child.
SO SAY WE ALL.
FOREMAN
After deliberation the jury returned the verdict, properly signed by its foreman, and containing an X mark in the space beside the words “WE, THE JURY, FIND THE DEFENDANT GUILTY OF Wil-fully or Wantonly and Unnecessarily Chastising a Child.”
It is clear therefore that the jury found the defendant not guilty of the felony as charged, but did find him guilty of the lesser included offense which is a misdemeanor. (See Robinson v. State, Fla.App. (3rd) 1971, 254 So.2d 379)
The trial judge entered a judgment and sentence reciting that the defendant “having been tried and found guilty of the crime of torturing or unlawfully punishing children, the Court adjudges you guilty of said offense.”
As above observed, it is apparent that the jury did not in fact find the defendant guilty of “torturing or unlawfully punishing children” as that was one of the alternatives contained in the form verdict submitted to the jury but not “marked” by its foreman.
It is elementary that a judgment of the trial court must conform to the verdict. (Perkins v. Mayo, Sup.Ct.Fla. 1957, 92 So. *692 2d 641) As was stated in Byrd v. State, Fla.App. (1st) 1959, 110 So.2d 52:
“ * * * An accused cannot be convicted of one crime and thereupon be adjudged guilty and sentenced for another, even though the offenses are closely related and may be of the same general character. A judgment of guilty must conform to the offense for which the defendant stands convicted by the jury. * * * ” (at page 54)
This case is therefore reversed and remanded with directions to the trial court to vacate and set aside the judgment and senteftce and to enter a judgment in accordance with the jury verdict, sentence to be as provided by law.
RAWLS, C. J., and McCORD, J., concur.