BOYER, Chief Judge.
Appellee was charged by indictment with and found guilty by a jury of first degree murder. The trial court denied her motion for judgment of acquittal and for new trial. The court thereupon sentenced appellee to life imprisonment, after having adjudicated her guilty of second degree murder. The State’s motion for rehearing regarding the sentence was denied. Believing that the sentence imposed was illegal, the State appealed. See Section 924.07(5), Florida Statutes (1975).
Initially, appellee argues that the sentence (life imprisonment), being proper for both first and second degree murder, is not illegal and that, therefore, the State may not appeal. Although superficially identical, the life sentence imposed for first degree murder and that imposed for second degree murder differ significantly. Under the former offense (a capital crime) one must serve 25 years before becoming eligible for parole (Section 775.082(1), Florida Statutes (1975)), whereas there is no such mandatory term for the latter offense. Consequently, a term of life imprisonment, if imposed for second degree murder when it should have been imposed for first degree murder, is an illegal sentence.
 The rule of law that a judgment of the trial court must conform to the verdict of the jury is well-established. Thrift v. State, 295 So.2d 690 (Fla. 1st DCA 1974). Once the jury found appellee guilty of first degree murder, and a new trial was denied, the trial court was compelled to adjudicate appellee guilty and sentence her for that offense. Having read the record and transcript of trial testimony, we can well appreciate the motives underlying the action of the learned trial judge, but the fact remains that he was without authority to take such action.
We have carefully considered the points raised by appellee on her cross-appeal and have found them to be without merit.
The cause is therefore reversed and remanded with directions to the trial court to vacate and set aside the judgment and sentence and to enter a judgment in accordance with the jury verdict, sentence to be as provided by law.
REVERSED AND REMANDED.
RAWLS and McCORD, JJ., concur.