418 So.2d 308 (1982)
Charles Ricky GOODMAN, Appellant,
v.
STATE of Florida, Appellee.
No. AC-233.
District Court of Appeal of Florida, First District.
July 23, 1982.
Rehearing Denied August 31, 1982.
*309 Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Gregory C. Smith, Asst. Atty. Gen., for appellee.
PER CURIAM.
Goodman appeals his convictions of burglary of a structure and petit theft entered after a jury trial. He raises several questions on appeal and, although we affirm the convictions, two points warrant discussion.
On February 10, 1980, appellant, his brother Marvin, Brett Clevinger and Richard Sanders participated in the burglary of a church. He was arrested on October 9, 1980, and charged by information. He pled not guilty, and after several continuances a jury trial was held on March 17, 1981.
Clevinger and Sanders testified for the State, and in addition to detailing the events of the night of the burglary Clevinger testified that appellant had threatened him while they were in the Clay County jail prior to trial. Clevinger stated that he heard appellant's voice through the vent in his cell, telling him he should think hard on his testimony at the trial because it could cause trouble for his wife and relatives. Appellant contends that this testimony should have been excluded.
In support of his contention that the testimony relating to the threat was inadmissible appellant relies on Fasenmyer v. State, 383 So.2d 706 (Fla. 1st DCA 1980).[1] In Fasenmyer, a witness had testified that the defendant threatened to kill him if he went to the police. On appeal, Fasenmyer challenged the admissibility of the threat evidence. The opinion briefly addressed the point, stating:
His testimony of the alleged threat was simply irrelevant to any fact at issue. Instead it tended only to put Fasenmyer's character in issue, although he did not testify at trial. `[E]vidence of a distinct crime in no way connected by circumstances with the one in issue is inadmissible.' Williams v. State, 110 So.2d 654, 661 (Fla. 1959). Because we reverse on other grounds for new trial, it is unnecessary to discuss whether this violation of the Williams Rule was harmless error. See Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980).
Id. at 708. Thus, the statement is patently dictum and the opinion does not indicate the Williams Rule applied in that case. In any event, we conclude that the law applying to alleged threats made by the defendant in this case is accurately treated in Jones v. State, 385 So.2d 1042 (Fla. 1st DCA 1980). In Jones, this court stated:
An attempt by a defendant or third person to induce a witness not to testify or to testify falsely is admissible on the issue of defendant's guilt, provided it is shown that that attempt was made with the actual participation, knowledge, or authorization of the defendant. Duke v. State, 106 Fla. 205, 142 So. 886 (1932).
Id. at 1043. Since the threat in this case was an attempt by the defendant to induce a witness to testify falsely, and was shown to have been made with actual participation of the defendant,[2] the testimony was properly admitted.
*310 The other point raised by appellant which merits attention relates to the cross-examination of a defense witness regarding his prior criminal activity. On direct examination, Marvin Goodman had testified that appellant was not with them when he, Sanders, and Clevinger burglarized the church. He also admitted that he was residing at the Georgia State Penitentiary because of a Georgia burglary conviction. On cross-examination, the following colloquy took place:
Q. I believe Mr. Durrance asked you if you had ever been convicted of a crime and you told us about the burglary up in Georgia.
What are the status of the cases in Jacksonville that you left Jacksonville and went to Georgia on? How did you leave those cases?
A. I was out on bond. My grandmother died and I went up to go to her funeral.
Q. My question was: The status of those cases. Were they set for trial, had you pled guilty to those cases and awaiting sentence? What was the status?
A. I had made a guilty plea on them, but I was not sentenced on them.
Q. Okay. So you entered pleas of guilty to crimes in Jacksonville.
A. Yes, sir.
Q. Okay. What crimes were those that you entered pleas of guilty to in Jacksonville and have not been sentenced on?
MR. DURRANCE: Just a moment. Now, Your Honor, at this point, I object on the grounds of relevancy to the case against Charles Ricky Goodman. I recognize there's been some other testimony in a similar way, but it came about in a different manner, too.
There's been no showing that this person has made any prior inconsistent statement or accusation as in the other case.
THE COURT: Well, I believe he did. I think he testified on direct, Mr. Durrance, that he's only been convicted of the one crime in Georgia; did he not?
MR. DURRANCE: That's correct. That's right. I don't mind him going into that and he already has and he's explained it. He said I pled on some, but never was sentenced or adjudicated.
I can add another ground for the objection and that is that it's repetitious.
THE WITNESS: Can I say something?
THE COURT: Objection overruled.
BY MR. WIGGINS:
Q. What crimes, Mr. Goodman, did you plead guilty to and haven't gotten back to Jacksonville for sentencing on?
A. Burglary.
Q. How many?
A. Two counts.
Q. Two counts of burglary?
A. Yes, sir.
Q. Were those businesses or people's homes?
A. People's homes.
We agree with appellant that the trial judge improperly overruled the objection. The witness had answered truthfully when asked about the existence and number of his prior convictions,[3] and it was therefore improper to permit the prosecutor to inquire into the nature of those offenses. Whitehead v. State, 279 So.2d 99 (Fla. 1973); Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981).
We find however that the error was harmless because of the overwhelming evidence of guilt in this case.[4]See Cunningham v. State, 239 So.2d 21 (Fla. 1st DCA 1970); Robinson v. State, 254 So.2d 379 (Fla. 3d DCA 1971).
*311 The judgment and convictions are affirmed.
MILLS, WENTWORTH and THOMPSON, JJ., concur.
NOTES
[1] Appellant also argues that the threat was inadmissible because Clevinger did not see who threatened him and therefore could not positively identify appellant as the one making the threat. This argument is without merit because Clevinger specifically stated that he had known appellant a long time and could recognize his voice.
[2] Id.
[3] Appellant also argues that it was error to allow the prosecutor to ask the witness about the Jacksonville cases at all because they were not actually convictions. § 90.610, Florida Statutes (1979). The merits of that argument are not considered here since no objection was made to the question.
[4] In addition to the weight of other evidence of appellant's guilt, our conclusion that the error was harmless is also supported by the fact that the jury was aware that the state's two eyewitnesses also had criminal records.