DREW, J.
hAt issue is whether the employer’s re-conventional demand stated a cause of action to recover worker’s compensation benefits paid to an employee who tested positive for drugs at the time of the truck crash. La. R.S. 23:1081(l)(b). The worker’s compensation judge (WCJ) overruled the claimant’s exception of no cause of action after which the claimant filed an application for supervisory review. This court granted claimant’s writ application and ordered this matter be docketed for a decision. For the following reasons, we find that the WCJ properly rejected claimant’s exception of no cause of action. Thus, we recall the writ previously granted and remand this matter for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
While working for Will Transport, Darrell Hood was injured on November 2, *650 2002, when the 18-wheeler he was driving overturned on a curve on Highway 167 near Bernice. When hospitalized, he tested positive for cocaine and THC. The defendants paid worker’s compensation benefits to Hood until October 30, 2003. On December 18, 2003, Hood filed a disputed claim for compensation against his employer and its insurer, the Louisiana Worker’s Compensation Corporation (LWCC).
In a reconventional demand, Will Transport and the Louisiana Worker’s Compensation Corporation (LWCC) alleged that the LWCC paid Hood $14,870 in medical benefits; $18,206.77 in indemnity benefits; and $1,042.95 in vocational rehabilitation benefits to which Hood was not entitled due to his intoxication at the time of the accident. The employer and its insurer averred that during discovery, they learned from Hood’s | ¡medical records that claimant was intoxicated at the time of the alleged work injury; therefore, claimant was not entitled to benefits. Will Transport and the LWCC sought restitution from Hood along with attorney’s fees and “all other good and equitable relief as the law allows.” Hood responded with an exception of no cause of action against the defendants’ request for repayment of worker’s compensation benefits.
DISCUSSION
Defenses to a worker’s compensation claim are found in La. R.S. 23:1081, which provides in pertinent part:
(1) No compensation shall be allowed for an injury caused:
* * *
(b) by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours, or
[[Image here]]
In Short v. Short, 40,136 (La. App. 2d Cir.9/23/05), 912 So.2d 82, this court explained that the function of the peremptory exception of no cause of action is to determine whether the law extends a remedy against the defendant under the factual allegations of the petition. The issue is decided on the face of the petition. For the purpose of determining the exception, the well-pleaded facts in the petition and any annexed documents are accepted as true. In reviewing a trial court’s ruling, the appellate court should conduct a de novo review because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition.
| c-Aceording to Hood, the WCJ erred in overruling his exception because the law provides only two circumstances under which an employer may recover worker’s compensation benefits which were not due to the employee. The first is La. R.S. 23:1206:
Any voluntary payment or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation.
The second is found in La. R.S. 23:1208(D):[1]
*651 In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers’ compensation judge of not less than five hundred dollars nor more than five thousand dollars payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.
Emphasis added.
Because his employer was not seeking a credit for overpayment or making an allegation of fraud, Hood argued that the WCJ should have granted his exception of no cause of action and dismissed the employer’s reconventional demand for restitution. We disagree with Hood’s argument that the remedies in La. R.S. 23:1206 and 1208 are the exclusive means for an employer to seek restitution of benefits paid in error.
Both the employer and the claimant cite Carter v. Montgomery, Ward & Co., 418 So.2d 309 (La.App. 3d Cir.1982), which recognized that Lworker’s compensation payments made in error are recoverable. However, when an employer pays worker’s compensation benefits and medical expenses voluntarily, with full knowledge of the facts and without duress, the employer may not subsequently recover benefits paid which were not actually owed the claimant. Carter, supra.
In Johnson v. State of La., Div. of Admin., 510 So.2d 87 (La.App. 1st Cir.1987), the court distinguished the Carter ruling. Unlike Carter, supra, in which the employer made compensation payments with full knowledge of. the facts, the state, Johnson’s employer, made the payments in error and without full knowledge of the facts. The state alleged that Johnson had not sustained an injury while employed by the state. For purposes of the exception of no cause of action, the allegations were accepted as true. In overruling Johnson’s exception of no cause of action, the court found that the state’s right to reimbursement had not been precluded and the state had set out a valid cause of action for recovery of payments of a thing not due under La. C.C. art. 2299.[2]
Hood’s argument is that the foregoing two cases were decided prior to the 1997 amendment of 23:1208(D), which allows for restitution based upon fraud. In Yarnell Ice Cream Co. v. Allen, 33,020 (La.App. 2d Cir.5/10/00), 759 So.2d 1066,[3] Allen was ordered to reimburse his employer for benefits when he willfully made false statements for the purpose of obtaining worker’s compensation benefits in violation of La. R.S. 23:1208. ^Citing Our Lady of the Lake Reg. Med. Center v. Helms, 98-1931 (La.App. 1st Cir.9/24/99), 754 So.2d 1049, writ denied, 99-3057 (La.1/7/00), 752 So.2d 863, this court stated that the 1997 amendment of 23:1208 was retroactive in nature because the amendment did not establish a new rule or change existing rights or obligations of the parties. Prior to the 1997 amendment, the employer had a right to bring an action in district court to obtain restitution of worker’s compensation bene *652 fits erroneously paid to an employee, including an employee who committed worker’s compensation fraud. The effect of the 1997' amendment was to set forth that the Office of Worker’s Compensation has jurisdiction to award the reimbursement of erroneously paid benefits. Yarnell Ice Cream Co., supra.
While La. R.S. 23:1081(13) requires an employer to provide emergency care for an intoxicated employee until he is discharged from an acute care facility, 23:1081(13) does not preclude reimbursement from the intoxicated employee. Accepting the allegations of the-reeonventional demand as true, we find that Will Transport and the LWCC have stated a cause of action entitling them to a trial on the merits at which they seek to prove their allegations.
We pretermit any discussion concerning costs and attorney’s fees. Following a trial on the merits of this dispute, Hood will have an adequate remedy on appeal for any complaints about the recovery or assessment of costs and attorney’s fees.[4]
| (¡DECREE
Finding that Will Transport and its insurer have stated a cause' of action, we recall the writ previously granted by this court on May 12, -2005, and direct that this matter be remanded for further proceedings.
WRIT RECALLED AND THE MATTER REMANDED FOR FURTHER PROCEEDINGS.

. La. R.S. 23:1208(D) was amended by Act 257, 2005 Regular Louisiana Legislative Session to make the fine payable to the Kids *651 Chance Scholarship Fund, Louisiana Bar Foundation, but was otherwise unchanged.

. At the time of the Johnson decision, the civil code article was La. C.C. art. 2301.

. At 2000-1520 (La.1/17/01), 777 So.2d 472, the supreme court recalled as improvidently, a writ of certiorari granted at Yarnell Ice Cream Co. v. Allen, 2000-1520 (La.9/15/00), 767 So.2d 699 to review this court’s decision in Yamell cited above.

. The $68 filing fee for this writ application was paid by the applicant. Following trial on the merits, the WCJ will assess costs for the entire proceeding. Any party aggrieved by those assessments may seek appellate review.