Judgment rendered September 21, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,757-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SARAH EILTS                                    Plaintiff-Appellee

versus

TWENTIETH CENTURY FOX TV            Defendant-Appellant
AND GALLAGHER BASSETT
SERVICES, INC.

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-W
Parish of DeSoto, Louisiana
Trial Court No. 20-04762

Christopher T. Lee *(Ad Hoc)*
Workers' Compensation Judge

* * * * *

THE ANZELMO LAW FIRM                    Counsel for Appellant,
By: Donald J. Anzelmo                         Breakout Kings
    Benjamin David Jones                       Productions, LLC

MANNO LAW FIRM, LLC                      Counsel for Appellee
By: Mark Kenneth Manno

* * * * *

Before MOORE, STONE, and MARCOTTE, JJ.

**STONE, J.**

This is an appeal from the Workers' Compensation Court, which granted an exception of no cause of action against the reconventional demand of Breakout Kings Productions, LLC (the employer-appellant). The employer paid approximately $149,000 in benefits to Sarah Eilts (the employee-appellee) from 2016 to 2020. At the end of that period, the employer stopped paying those benefits, and the employee filed suit claiming further entitlement to payments. Thereupon, the employer filed a reconventional demand seeking reimbursement for alleged overpayment of benefits in the amount roughly $149,000. The reconventional demand alleged that the overpayment was based on an erroneous calculation of the employee's average weekly wage which resulted from an "erroneous understanding of the nature of [the employee's] employment." For the reasons stated herein, we reverse the judgment of the trial court and remand for further proceedings.

## DISCUSSION

The exception of no cause of action presents purely a question of law: whether the law grants relief based on the well-pled facts in the petition (or incidental demand, as the case may be). *Jackson v. City of New Orleans,* 12-2742 (La. 1/28/14), 144 So. 3d 876, 895. For these purposes, all well-pled facts are assumed to be true, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. Courts of appeal review questions of law de novo, i.e., without deference to the legal conclusion of the lower court. *Id.*

La. C.C. art. 2299, which was enacted in 1995, states: "[a] person who has received a payment or a thing not owed to him is bound restore it to

the person from whom he received it." The language of the article thus does

not condition recovery on an error or mistake by the plaintiff (payor). Nor

can such a condition be imposed by eisegesis. Indeed, very recently, in

*Leisure Recreation & Ent., Inc. v. First Guar. Bank,* 21-00838 (La. 3/25/22),

339 So.3d 508, the Supreme Court resolved this issue, which it framed thus:

> We must first address whether the court of appeal erred in
> finding that Leisure's knowledge, if any, precludes it from
> recovering payments made under the Note pursuant to the
> "voluntary payment doctrine." This Court first described
> the common law voluntary payment doctrine in *New
> Orleans & N. E. R. Co. v. La. Const. & Imp. Co.*, as "an
> established rule of law that if a party, with a full
> knowledge of the facts, voluntarily pays a demand unjustly
> made on him and attempted to be enforced by legal
> proceedings, he cannot recover back the money."

The court unanimously held: "[f]inding the 'voluntary payment

doctrine' contravenes the Louisiana Civil Code, we reverse the court of

appeal." *Id.*

In so holding, the court explained:

> As with the interpretation of any statute, the only question
> is the expressed intent of the legislature... It is well-settled
> that "[t]he starting point in the interpretation of any statute
> is the language of the statute itself"…Accordingly,
> "[w]hen the law is clear and unambiguous and its
> application does not lead to absurd consequences, the law
> shall be applied as written and no further interpretation
> may be made in search of the intent of the legislature." La.
> C.C. art. 9.
>
> Making no mention of voluntary payments, Louisiana
> Civil Code article 2299 provides:
> A person who has received a payment or a thing not owed
> to him is bound to restore it to the person from whom he
> received it.
> *This article applies regardless of whether the person who
> pays money or delivers a thing not owed does so
> knowingly or by mistake…*Comment (d) to the article
> supports this interpretation in its annotation that "a
> person *who knowingly or through error* has paid or
> delivered a thing not owed may reclaim it from the person

2

who received it."[1] The knowledge exception applied by the court of appeal pursuant to the voluntary payment doctrine is thus contrary to the express mandates of La. C.C. art. 2299, which the Legislature notably adopted after *New Orleans & N. E. R.*, *supra*...Stated simply, there is no knowledge exception to La. C.C. art. 2299's directive that a person receiving a payment or delivery of a thing not owed must return it. Jurisprudence superseded by legislation does not support diverging from the Civil Code's plain language. (citations omitted).

In *Hebert v. Jeffrey*, 95-1851 (La. 4/8/96), 671 So. 2d 904, the Louisiana Supreme Court held that the employer, which had already paid worker's compensation benefits voluntarily, was entitled to reimbursement from the employee because it was subsequently determined that he was not entitled to worker's compensation benefits. (After the benefits were paid, a jury found that the employee's injury was not work-related). The *Hebert* court stated:

> A denial of [the employer's] right to recover benefits paid in this situation would run counter to the policy behind the worker's compensation law which is to facilitate prompt payments to injured workers.

*Id*. at 906.

This court, in *Hood v. Will Transport*, 40,168 (La. App. 2 Cir. 12/7/05), 917 So. 2d 648, followed *Hebert*, *supra*, regarding an employer's right to reimbursement for payment of worker's compensation benefits not actually owed. The employer voluntarily paid benefits after the employee was injured in a work-related motor vehicle collision. Subsequently, the

---

[1] Comment (d) to article 2299 places it in the context of its legislative history:

> Article 2302 of the Louisiana Civil Code of 1870 declares: "He who has paid through mistake, believing himself a debtor, may reclaim what he has paid." This provision derives from the 1825 Revision and has no counterpart in the French Civil Code or in the Louisiana Civil Code of 1808. The provision has been suppressed.

employer learned that the employee had tested positive for drugs (cocaine and THC) at the time of the crash, and filed suit for reimbursement against the employee pursuant to La. R.S. 23:1081(1)(b) – which precludes worker's compensation benefits for an injury caused by the injured employee's intoxication at the time of the injury. We held that the employer had stated a valid cause of action. Our decision in *Hood* also rejected the argument that the worker's compensation act bars an employer from obtaining a *money judgment* to recover benefits paid but not owed, stating, "[w]e disagree with [the employee's] argument that the remedies in La. R.S. 23:1206 and 1208 are the exclusive means for an employer to seek restitution of benefits paid in error."[2]

In *Hood*, *supra*, this court cited *Carter v. Montgomery Ward & Co.*, 413 So. 2d 309, 310 (La. App. 3 Cir. 1982), as follows:

> *Carter v. Montgomery, Ward & Co.,* 413 So. 2d 309 (La. App. 3d Cir.1982) recognized that worker's compensation payments made in error are recoverable. However, when an employer pays worker's compensation benefits and medical expenses voluntarily, with full knowledge of the facts and without duress, the employer may not subsequently recover benefits paid which were not actually owed the claimant. *Carter, supra.*

The holding in *Carter*, which was decided in 1982, was legislatively abrogated by the 1995 enactment of La. C.C. art. 2299.[3] *Leisure Recreation, supra.*

---

[2] Additionally, in *Cordon v. Par. Glass of St. Tammany, Inc.,* 14-0475 (La. App. 1 Cir. 12/23/14), 168 So. 3d 633, 639, *writ not cons.*, 15-0167 (La. 4/17/15), 168 So. 3d 390, the First Circuit relied on our decision in *Hood, supra*, in upholding a money judgment commanding the employee to reimburse the employer for benefits it voluntarily paid before it was determined that the employee had forfeited his right to benefits.

[3] Furthermore, the assertion that error is essential to recovery is mere dicta in the *Hood* opinion: there was neither argument nor allegation that the employer paid benefits with full knowledge that the employee had forfeited benefits pursuant to La. R.S. 23:1081(1)(b).

Nonetheless, the appellee argues pursuant to *Hood* and *Carter* that the reconventional demand is deficient because it does *not* allege that the overpayments were *not* made with full knowledge of the facts. This argument is erroneous. The employer's voluntary payment (or overpayment) with full knowledge of the facts does not preclude recovery under La. C.C. art. 2299. *Leisure Recreation, supra.* Therefore, the reconventional demand would state a cause of action even if it did *not* allege that the payments were *not* made with full knowledge of the facts. Additionally, however, the reconventional demand does allege that the overpayments were based on an error regarding the nature of the appellee's employment.  If the employer were required to plead a lack of knowledge of the pertinent facts —*which it is not* — this allegation would satisfy that requirement.

## CONCLUSION

The judgment granting the exception of no cause of action and dismissing the reconventional demand with prejudice is **REVERSED**, and the case is **REMANDED** for further proceedings. All costs of this appeal are assessed to the appellee, Sarah Eilts.