McDonald, j.
| gBrett Gabriel was employed by the La-fourche Parish Water District No. 1 as a crewman. His duties included installing water meters, performing maintenance, and repairing broken meters and water lines. During the course of his employment he was involved in several work related accidents resulting in temporary knee, neck, and shoulder injuries. He was treated for these injuries and was able to return to work. On September 12, 2007, he stepped into a hole with his right leg and twisted his left leg causing injury to his knee. The parties entered into several stipulations, including that Mr. Gabriel had aggravated a prior knee injury in the September accident.
The Workers’ Compensation Judge (WCJ) identified the following issues for determination:
1. Did the employee sustain a cervical injury on September 12, 2007?
2. Is the cervical surgery recommended by Dr. LaSalle reasonable and necessary, and should the employer be ordered to authorize this procedure?
3.a. Were the TENS unit supplies for the neck that were recommended by Dr. LaSalle reasonable and necessary, and should the employer have authorized this treatment?
3.b. Was the pain management for the knee recommended by Dr. LaSalle reasonable and necessary, and should the employer have authorized this treatment?
4. Was the physical therapy recommended by Dr. LaSalle for the knee reasonable and necessary, and should the employer have authorized this treatment?
5. Was the motorized wheelchair recommended by Dr. LaSalle for the knees reasonable and necessary, and should the employer have authorized this treatment?
6. Is the employee entitled to attorney fees and penalties for any or all issues?
After a two day trial, the WCJ found in favor of Mr. Gabriel on issue # 3.b, determining that the pain management therapy was reasonable and necessary and ^should have been authorized by the employer until March 3, 2008, as recommended by Dr. Michael LaSalle, an orthopedic surgeon.[1] On the rest of the issues the WCJ found in favor of the defendant and against Mr. Gabriel.
Mr. Gabriel appeals the decision of the WCJ: finding that the aggravation of the knee injury had resolved by March 3, 2008, and denying him any further treatment; failing to award penalties and attorney fees against the employer for failing to authorize the pain management treatment even though the WCJ found it should have been approved; finding that claimant did not meet his burden of proof in establishing that his cervical injury was related to the September 12, 2007, accident; finding the claimant did not meet his burden of *782 proof that the physical therapy for his knee ordered by Dr. LaSalle on May 6, 2008, was related to the September 12 accident; and finding the claimant failed to prove that the need for the TENS unit supplies were caused by the September 12 accident; and finding the claimant failed to prove that the motorized wheelchair recommended by Dr. LaSalle on August 20, 2008, was causally related to the September 12, 2007 injury.
The WCJ gave well-reasoned and detailed oral reasons for her decisions. Dr. LaSalle, the employee’s treating physician, released him for light-duty status on March 3, 2008. There was evidence from prior accidents that Mr. Gabriel had degenerative neck and knee conditions. Dr. Del Walker, LPWD’s choice of orthopedic surgeon, and Dr. Lawrence J. Messina (the court appointed independent medical examiner) both found a temporary aggravation of a pre-existing arthritic knee condition. Both determined that his neck was not related to the accident; it was a degenerative condition. The medical records indicate that Mr. Gabriel had a left knee arthroscopy in March 2007 and a TENS unit in May for chronic, arthritic 1¿shoulder pain. As the WCJ noted, both of these conditions were prior to the September 12, 2007, accident.
The WCJ concluded that the release on March 3, 2008, to “light duty was due to his pre-existing condition, and not any aggravation. It was just time that the employee changed his job duties. The aggravation had nothing to do with it. The aggravation was mainly for medical treatment to bring him back to his severe preexisting condition.” Further, the WCJ found that the May 28, 2008, request for physical therapy and August 28, 2008 request for the motorized wheelchair were not related to the September accident. They were associated with a March 31, 2008, flare up of his arthritic, degenerative condition. Also, neither Dr. Walker nor Dr. Messina believed that the wheelchair was needed.
Concerning the need for neck surgery, Dr. Messina concluded that the need for this surgery was secondary to Mr. Gabriel’s pre-existing condition and not the accident. The WCJ was, evidently, convinced by Dr. Messina’s report and the lack of any mention of neck complaints in Dr. LaSalle’s records until January 2008, when she denied this claim.
The standard for review in this case is whether the findings of fact by the WCJ are clearly wrong or manifestly erroneous.[2]
There is ample evidence in the record upon which the WCJ based her findings and conclusions. The failure to award penalties and attorney fees is based on the finding that Mr. Gabriel had documented pre-existing degenerative conditions to his knee, neck, and shoulder. Even though the WCJ found in his favor on the physical therapy treatments until March 3, 2008, she also found that it was unclear whether the treatments were ordered because of the work related aggravation or the preexisting arthritis.
| sFor these reasons the judgment of the Workers’ Compensation Judge is affirmed. Costs are assessed against the appellant, Brett Gabriel.
AFFIRMED.

. We note a typographical error in the judgment that finds the claimant entitled to receive the pain management treatment "as ordered by Dr. LaSalle on September 3, 2007.” It is clear from the rest of the judgment and the record that the treatment was ordered on December 3, 2007. This error does not affect the judgment.

. Dean v. Southmark Construction, 03-1051 (La.07/06/04), 879 So.2d 112, 117, (citing Brown v. Coastal Constr. & Engineering, Inc., 96-2705 (La.App. 1 Cir. 11/07/97), 704 So.2d 8, 10).