HUGHES, J.
12This is an appeal of a judgment of the Office of Workers’ Compensation (OWC), granting defendant/appellee’s exception of res judicata and dismissing plaintiff/appellant’s claim with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Brett Gabriel worked as a crewman for the Lafourche Parish Water District (LPWD). During the course of his employment, he was involved in several work-related accidents. The last occurred on September 12, 2007, when he fell into a hole and allegedly suffered injuries to his neck, shoulder, and knees. LPWD paid some of Mr. Gabriel’s medical expenses from the date of the accident until January 1, 2008, and also paid him temporary total disability (TTD) benefits from the date of the accident until January 7, 2009.
On December 11, 2008 Mr. Gabriel filed a “Disputed Claim for Compensation” against LPWD, seeking payment for an MRI, TENS unit supplies, pain management treatment, and authorizations for cervical surgery and a motorized wheelchair. Mr. Gabriel also sought penalties and attorney’s fees for LPWD’s failure to approve the requested medical treatment, and he marked as. applicable in the dispute, “Workers’ Compensation Rate is Incorrect-Should be,” but left blank the space where he should have indicated the specific dollar amount that he alleged he was entitled to.
Trial was held on November 18, 2009, and May 10, 2010. Mr. Gabriel had received medical treatment for severe osteoarthritis in his knees prior to the September 2007 work-related accident. The parties stipulated that the accident caused an aggravation of that pre-existing condition. At the conclusion of the evidence, the OWC found that Mr. Gabriel had not |3sustained a neck or shoulder injury in the September 2007 accident, but that he had sustained a temporary aggravation of his pre-existing knee condition. The OWC further found that the aggravation had completely resolved by March 3, 2008. Thus, judgment was rendered in favor of LPWD on all issues except liability for pain management treatment for the aggravation of the knee injury from January 2, 2008, to March 3, 2008.[1] Mr. Gabriel appealed that judgment, which was affirmed by this court on December 21, 2011. Gabriel v. Lafourche Parish Water District, 2011-0930 (La.App. 1 Cir. 12/21/11), 80 So.3d 780. No appeal of this court’s decision was filed.
On September 14, 2011, while that appeal was pending, Mr. Gabriel filed a sec *284 ond “Disputed Claim for Compensation” for the same September 12, 2007 accident. In the new claim, Mr. Gabriel again requested disability status and wage benefits, this time specifically noting that he was requesting supplemental earnings benefits (SEBs) from January 7, 2009 (the date on which LPWD terminated his weekly TTD benefits), to present. He also sought additional medical treatment of both knees, the reinstitution of vocational rehabilitation services, and penalties and attorney’s fees for LPWD’s failure to pay the SEBs. LPWD filed an exception raising the objection of lack of subject matter jurisdiction, alleging that the issues raised were the same issues pending on appeal to this court. Mr. Gabriel then amended his claim to dismiss all claims except his claim for SEBs and the attorney’s fees and penalties arising therefrom. LPWD again urged the exception of lack of subject matter jurisdiction and also filed exceptions raising the objections of res judicata or alternatively, prescription.
14After a hearing, the OWC determined that Mr. Gabriel’s entitlement to SEBs had been “covered” at the first trial, explaining that “indemnity is a subcategory of disability” and that its finding of no disability barred any subsequent claims for indemnity. The OWC further noted that had a disability been found, indemnity would have been awarded at the trial. On February 20, 2012, judgment was ■ rendered, sustaining the exception of res judi-cata and dismissing Mr. Gabriel’s claims with prejudice. Mr. Gabriel appeals and makes the following assignments of error:
1. The trial judge committed manifest error denying claim for SEB benefits based on a change in condition from the previously suffered aggravation.
2. In her written reasons for judgments deny claim for SEB payment ruling that all indemnity payments are the same, meaning a denial of TTD benefits are the same as a denial of all indemnity benefits even if the claim for SEB wasn’t specifically mentioned.
LAW AND ANALYSIS
In general, the doctrine of res judicata, as set forth in LSA-R.S. 13:4231, bars a subsequent action when all of the following elements are satisfied, in a prior action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[2] See Burguieres v. Pollingue, 2002-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
*285 | /Louisiana Revised Statutes 13:4231 was substantially amended in 1990, and it now embraces the broad usage of res judicata to include both claim preclusion (traditional res judicata) and issue preclusion (collateral estoppel). Under issue preclusion or collateral estoppel, resolution of an issue of fact or law essential to the determination of the dispute precludes relitigation of the same issue in a different action between the same parties. Chaisson v. Central Crane Service, 2010-0112, pp. 5-6 (La.App. 1 Cir. 7/29/10), 44 So.3d 883, 886-87 (citing LSA-R.S. 13:4231, 1990 Comment (b); Mandalay Oil & Gas, L.L.C. v. Energy Development Corporation, 2001-0993, p. 9 (La.App. 1 Cir. 8/4/04), 880 So.2d 129, 135-36, writ denied, 2004-2426 (La.1/28/05), 893 So.2d 72).
However, as applied to workers’ compensation claims, res judicata does not bar re-litigation of claims subject to the OWC’s modification jurisdiction, as set forth in LSA-R.S. 23:1310.8(A) and (B).[3] See Magee v. Abek, Inc., 2005-0388, pp. 2-3 (La.App. 1 Cir. 5/5/06), 943 So.2d 372, 373-74. The modification power of LSA-R.S. 23:1310.8(A) and (B) exists for the purpose of modifying awards due to a change in the worker’s condition.[4] Because changes in medical condition and disability status are dynamic and ongoing by their nature, the legislature enacted LSA-R.S. 23:1310.8(A) and (B) to afford needed flexibility to ensure that benefits correspond to such changes. Res judicata thus cannot preclude litigation seeking a change in the amount of compensation benefits based upon a change in disability. Chaisson v. Central Crane Service, 2010-0112 at p. 9 n. 6, 44 So.3d at 888 n. 6.
However, in the present case, the original OWC judgment held that Mr. Gabriel’s disability after March 3, 2008, was not related to the work accident. That judgment, affirmed by this court on December 21, 2011, was not further appealed and has become final. While the judgment did award Mr. Gabriel medical expenses from January 2, 2008 to March 3, 2008, and he thus may be entitled to seek a modification of that award, the modification authority of the OWC is only available if a claimant applies for same on the grounds of a *286 change in condition. See LSA-R.S. 23:1310.8(B). Mr. Gabriel made no such claim. He did not allege that he suffered any change in his condition subsequent to the trial. Instead, he continued to argue that the OWC erred, based upon the evidence before it at the trial. Specifically, he pointed out that he was returned to work on March 3, 2008 |7with a “light duty” work restriction. Because he had no work restrictions prior to the September 2007 accident, Mr. Gabriel alleged that the OWC erred in finding that the aggravation had resolved on March 3, 2008, and that thereafter, he suffered no degree of disability related to the accident.[5]
Again, a judgment of the OWC can only be modified “on the ground of a change in conditions.” LSA-R.S. 23:1310.8(B); See Anzalone v. Allstate Ins. Co., 97-0866 (La.App. 1 Cir. 4/8/98), 714 So.2d 18, writ denied, 98-2180 (La.11/13/98), 730 So.2d 939.
In his request for modification, Mr. Gabriel claimed entitlement to SEBs and alleged 'that because he did not seek SEBs in the first claim, he is not barred under res judicata from doing so now. To establish an entitlement to SEBs, Mr. Gabriel must prove that he was injured as a result of a work-related accident, and that the injury resulted in a disability that prohibits him from earning at least 90% of his pre-accident wages. However, the issue of disability in this case has been resolved. The disability status was a previously litigated issue of fact, which is essential to the determination of whether Mr. Gabriel is now entitled to SEBs. It was evident at the hearing that Mr. Gabriel understood that entitlement to any form of wage benefits depended upon his first establishing that his disability was causally related to the work accident:
THE COURT: So regarding the disability status, you’re showing the connection of indemnity. If disability was determined in your favor, then, of course, you’re saying indemnity benefits would have to be addressed?
MR. GABRIEL: Exactly, Your Honor.
| sHowever, disability was not determined in Mr. Gabriel’s favor. Absent an allegation or evidence that his disability status has changed in any way since the last day of the original trial on May 10, 2010, Mr. Gabriel cannot seek a modification of the ruling on that issue. See Pal v. Stranco, 10-1507 (La.App. 1 Cir. 8/3/11), 76 So.3d 477, 483, writ denied, 2011-1834 (La.11/4/11), 75 So.3d 925; see also Magee v. Abek, Inc., 943 So.2d at 374; Anzalone, 714 So.2d at 20; Fox v. Reynolds Indust. Contr., 44,938 (LaApp. 2 Cir. 1/27/10), 33 So.3d 895, writ denied, 2010-0676 (La.5/28/10), 36 So.3d 250.
CONCLUSION
For the reasons assigned, the judgment of the OWC granting the exception of res judicata and dismissing the suit is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Mr. Brett Gabriel.
AFFIRMED.

. While not apparent in the record before us, LPWD had obviously paid for the medical treatment for which it was liable from the date of the accident through January 1, 2008. As such, the judgment held that only the pain management treatment from January 2, 2008 to March 3, 2008 was owed. Because LPWD voluntarily paid Mr. Gabriel TTD benefits until January 7, 2009, no award of compensation benefits was made.

. Louisiana Revised Statute 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

. Louisiana Revised Statute 23:1310.8(A) and (B) provide, in pertinent part:
A. (1) The power and jurisdiction of the workers’ compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123....
[[Image here]]
' B. Upon the application of any party in interest, on the ground of a change in conditions, the workers’ compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers’ Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

. Mr. Gabriel filed a second claim for compensation benefits rather than a petition for modification of a prior award as provided in LSA-R.S. 23:1310.8. However, at the hearing on the exceptions, he made an oral motion to modify the alleged prior award, which was granted. Moreover, courts have traditionally treated second suit filings such as this as requests for modification. See Fox v. Reynolds Ind. Contractors, 44,938 (La.App. 2 Cir. 1/27/10), 33 So.3d 895, writ denied, 2010-0676 (La.5/28/10), 36 So.3d 250; see also Matheme v. Gold Crest Cleaners, Inc., 486 So.2d 943 (La.App. 1 Cir.1986). As such, the second disputed claim for compensation will be treated as a petition for modification of a prior award based upon an alleged change in disability status.

. The OWC’s reasons for judgment clearly hold that Mr. Gabriel's pre-existing severe osteoarthritis, not the aggravation of that condition caused by the accident, was the reason that he was released to work with restrictions: "light duty was due to his pre-existing condition, and not any aggravation. It was just time that the employee changed his job duties. The aggravation had nothing to do with it. The aggravation was mainly for [necessitated] medical treatment to bring him back to his severe pre-existing condition.” Gabriel v. LPWD, 11-0930 (La.App. 1 Cir 12/21/11), 80 So.3d 780, 782.