# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

JEFFREY WINN,

Plaintiff - Appellant

v.

CITY OF NEW ORLEANS; RONAL SERPAS,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC. No. 2:12-CV-1307

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jeffrey Winn appeals the summary judgment in favor of Defendants-Appellees City of New Orleans and Ronal Serpas. We AFFIRM the district court's judgment.

I.

Winn challenges his termination from the New Orleans Police Department ("NOPD"). During Hurricane Katrina, Winn was the commanding officer of the NOPD's Special Weapons and Tactical Unit, which was stationed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30125

at an elementary school. On September 2, 2005, a vehicle containing the deceased body of Henry Glover was brought to the school. Winn confirmed Glover was dead and instructed officers to move the vehicle and body behind a police station on the other side of the levee. Officer Greg McRae drove the vehicle to the other side of the levee as instructed. McRae set the vehicle and body on fire without Winn's knowledge.

Another officer discovered the burned vehicle and Glover's body in November 2005. Winn alerted the captain of NOPD's Public Integrity Bureau ("PIB") that the found vehicle was likely the same vehicle and body Winn had instructed his officers to move.

Some years later, Winn had a conversation with Lieutenant Dwayne Scheuermann, who indicated that he thought Winn knew McRae burned the vehicle and Glover's body. Upon the advice of his attorney, Winn did not reveal his knowledge of McRae's involvement until Winn was subpoenaed to testify as a witness in the federal prosecution of several officers involved in Glover's death.

After Winn's testimony, PIB began an investigation into Winn's behavior. PIB concluded that Winn violated NOPD rules by failing to report McRae's misconduct. NOPD suspended and terminated Winn in May 2011.

Winn appealed his suspension and termination to the New Orleans Civil Service Commission (the "CSC"). The CSC upheld the termination. Winn appealed to the Louisiana Fourth Circuit Court of Appeal, which affirmed his termination. Winn sought review before the Louisiana Supreme Court, but the court denied his writ.

Winn then filed suit against New Orleans and NOPD Superintendent Ronal Serpas in federal district court. Winn asserted several state and federal claims, including a 42 U.S.C. § 1983 claim that Defendants violated his First Amendment rights by firing him in retaliation for his testimony during the

No. 15-30125

trial. Defendants moved to dismiss his complaint, and the district court granted the motion except as to Winn's First Amendment claim against the City and his Louisiana state law claims against Serpas. Defendants then filed a motion for summary judgment. The district court held that the state court proceedings, which determined that Winn's termination was for legal cause, made it impossible for Winn to succeed on his First Amendment claim or remaining state law claims. The district court therefore granted summary judgment for Defendants. Winn timely appealed.

## II.

We review a grant of summary judgment de novo. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We review a district court's application of state law de novo. *City of Shreveport v. Shreve Town Corp.*, 314 F.3d 229, 234–35 (5th Cir. 2002).

To succeed on a First Amendment retaliation claim, Winn must show, inter alia, that his speech was a substantial or motivating factor in his termination. *Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014). The district court concluded that Winn could not raise a genuine factual dispute as to whether his speech was a substantial or motivating factor because the CSC already concluded that his termination was for lawful cause.

On appeal, Winn argues that neither claim nor issue preclusion bar his First Amendment claim because he could not bring a cause of action under 42 U.S.C. § 1983 in state court. Though claim preclusion may not apply under these circumstances, *see Frazier v. King*, 873 F.2d 820, 825 (5th Cir. 1989),[1] we

---

[1] In *Frazier*, we held that claim preclusion is unavailable where a party seeks damages in federal court that it could not have obtained in state court. 873 F.2d at 825. We also held that issue preclusion did not apply because Louisiana courts had not adopted the doctrine of

need not reach that issue because we agree with the district court that issue preclusion bars Winn's First Amendment claim. *See Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 226–28 (5th Cir. 1988).

As discussed, Winn previously challenged the validity of his termination in Louisiana state court. We give "the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (citing 28 U.S.C. § 1738). Under Louisiana law, "[a] judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment." LA. REV. STAT. § 13:4231(3).

The issue before the state court was "whether the appointing authority had legal cause to discipline Winn for neglect of duty and unprofessional conduct." *Winn v. Dep't of Police*, 140 So. 3d 743, 747 (La. Ct. App.), *writ denied* 140 So. 3d 729 (La. 2014). The state appellate court concluded that "the appointed authority had cause to discipline Winn" based on his "admission that he knowingly withheld the information regarding McRae's misconduct . . . and the testimony of Supt. Serpas that Winn violated NOPD internal rules by neglecting his duties." *Id.* As the district court found, the "cause of [Winn's] termination was actually litigated, and its determination was essential to the CSC's judgment." *Winn v. New Orleans City*, No. 12-CV-1307, slip op. at 9 (E.D. La. Jan. 14, 2015). The state court's finding that Winn was terminated for legal cause "implicitly and necessarily rejects" Winn's contention that he

---

collateral estoppel. *Id.* at 825. Since *Frazier*, Louisiana "substantially amended" its res judicata statute and "now embraces the broad usage of res judicata to include both claim preclusion (traditional res judicata) and issue preclusion (collateral estoppel)." *Gabriel v. Lafourche Parish Water Dist.*, 112 So. 3d 281, 285 (La. Ct. App. 2013).

No. 15-30125

was terminated for improper reasons, i.e., because of his testimony at trial. *Id.*

Winn argues that he could not have made a First Amendment argument in the previous proceeding because the CSC does not have jurisdiction to hear § 1983 claims or to award damages for § 1983 claims. However, Winn could have argued that his termination was improper because it was in retaliation for his testimony at the trial. *See Burkart v. New Orleans Police Dep't*, 871 So. 2d 1229, 1234 (La. Ct. App. 2004) (affirming CSC decision and rejecting plaintiff's argument that his termination for threatening a federal employee violated the First Amendment). The administrative proceeding and subsequent state court appeal provided Winn "a full and fair opportunity to litigate" the basis for his termination. *See Kremer*, 456 U.S. at 485. The CSC and state court rulings that Winn's termination was legal preclude us from now finding that his termination was motivated by an improper reason.[2]

AFFIRMED.

---

[2] For the same reasons, we also affirm the summary judgment in favor of Defendants as to Winn's state law claims.

5