# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30128
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2016

Lyle W. Cayce
Clerk

BARRY O. MOSHER, Individually and on Behalf of the Estate of his Deceased Wife, Priscilla Mosher,

Plaintiff – Appellant

v.

INDIANA INSURANCE COMPANY,

Defendant – Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-842

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Barry Mosher appeals the district court's entry of summary judgment for Indiana Insurance Company. Indiana was the insurer of a defendant against whom Mosher had received a default judgment. The district court held that res judicata arising from a state-court action barred Mosher's claims against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30128

Indiana, and, in the alternative, the claims were meritless under Louisiana law. We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Barry and Priscilla Mosher filed a lawsuit in Louisiana state court to recover for injuries sustained in a tractor-trailer accident. The Moshers sued the driver of the tractor-trailer and his employer, Global-Link Logistics L.L.C. Global-Link never appeared in the lawsuit and was dissolved in October 2007. Four years after suit was filed, on June 2, 2010, the Moshers obtained a default judgment against Global-Link for $2.4 million.

On October 17, 2011, Barry Mosher, by then a widower,[1] filed an amended petition for damages and a declaratory judgment in state court, in which he added Indiana Insurance Company as a defendant. Indiana was Global-Link's liability insurer at the time of the accident. Mosher sought a declaration that Indiana's policy provided insurance coverage for the judgment against Global-Link. Two months after filing the amended petition in state court, Mosher initiated a lawsuit in federal court, claiming diversity jurisdiction and seeking the same relief against Indiana. The district court stayed the federal lawsuit until the state court lawsuit concluded.

In state court, Indiana made exceptions to the amended petition based on prescription/limitations and res judicata. After the trial court denied Indiana's exceptions, Indiana filed a writ application with the Louisiana First Circuit Court of Appeal. That court granted the writ and reversed the trial court. The court held that Mosher's claims against Indiana were prescribed under Louisiana law because Mosher did not assert those claims within one

_____

[1] In this October 2011 filing, Mosher said his wife had recently died.

2

No. 16-30128

year of the entry of default judgment against Global-Link.  The Louisiana First Circuit denied Mosher's application for rehearing, and the Louisiana Supreme Court denied writs in May 2015.

Mosher then moved to lift the stay in his federal court lawsuit.  He amended his complaint to add a contractual claim against Indiana for its failure to pay the default judgment against Global-Link.  The contractual claim was based on a provision in the insurance policy that allows a judgment creditor to proceed directly against Indiana to recover a judgment against the insured, Global-Link.

Both Indiana and Mosher moved for summary judgment.  The district court granted Indiana's summary judgment motion and denied Mosher's.  Mosher appealed.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*.  *Pierce v. Dep't of the U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The substantive law of Louisiana applies in this diversity case.  *See Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015).  We "must give the state court judgment the same preclusive effect as would be given that judgment under" Louisiana res judicata[2] principles.  *See Hogue v. Royse City*, 939 F.2d 1249, 1252 (5th Cir. 1991).  Under Louisiana law, "a valid and final judgment is conclusive between

---

[2] We use "res judicata" because that is the term Louisiana courts use, and it encompasses claim and issue preclusion.  *See Gabriel v. Lafourche Par. Water Dist.*, 112 So. 3d 281, 284–85 (La. Ct. App. 2013).

3

the same parties . . . to the following extent: . . . [i]f the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action." LA. STAT. ANN. § 13:4231(2).

Mosher first contends res judicata does not bar his contractual claim because it was not fully ripe until a final judgment in the state court lawsuit was entered. We disagree. After Mosher added Indiana to the state court lawsuit, and Indiana then made exceptions to his petition, Mosher could have brought his claim based on the policy provision allowing judgment creditors to pursue Indiana directly. If "a party had the opportunity to raise a claim in the first adjudication, but failed to do so," res judicata bars the claim. *Henkelmann v. Whiskey Island Pres., LLC*, 145 So. 3d 465, 470 (La. Ct. App. 2014) (emphasis omitted).

Next, Mosher contends the contractual claim did not arise out of the same occurrence that was the subject matter of the previous litigation. To make that determination, we must "examin[e] . . . the facts underlying the event[s] in dispute." *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 872 So. 2d 1147, 1152 (La. Ct. App. 2004). We agree with the district court that all of Mosher's claims arise out of the same underlying facts: the tractor-trailer accident, the default judgment against Global-Link, and the insurance policy with Indiana. *See Westerman v. State Farm Mut. Auto. Ins. Co.*, 834 So. 2d 445, 448 (La. Ct. App. 2002). The district court correctly held that res judicata applied to the contractual claim.

Finally, Mosher argues that an exception to res judicata applies because this case presents "exceptional circumstances." LA. STAT. ANN. § 13:4232(A)(1). "[E]xceptional circumstances are found in complex procedural situations, such

as where a litigant did not have the opportunity to present his claim due to some quirk in the system. . . . [or] in factual scenarios not anticipated by the parties or decisions beyond the parties' control." *Alpine Meadows, L.C. v. Winkler*, 154 So. 3d 747, 759 (La. Ct. App. 2014) (quotations and citation omitted).  Mosher has not shown that his failure to raise his contractual claim in state court was due to procedural or factual complexities beyond his control.

The district court properly entered summary judgment for Indiana because Mosher's claims in federal court are barred by Louisiana res judicata. We do not reach the district court's alternative holding that Mosher's claims failed on the merits.

AFFIRMED.