DECUIR, Judge.
The issues presented by this appeal are whether the workers’ compensation judge properly applied the defenses of “intoxication” and “failure to use a safety device” in denying benefits to the claimant.
FACTS
The claimant, Ramon Williams, is an admitted perpetrator of unemployment insurance fraud and felon convicted of possession of cocaine. On March 22, 1997, he was an employee of the defendant, MART-CO Partnership. On that day, Williams was injured when a log he was lifting over a safety rail and onto a conveyor broke loose from the lifting winch and struck him in the hip.
Williams was taken to the emergency room where he was treated and drug tested in accordance with MARTCO policy. Approximately a week later, the test results were received and revealed that Williams tested positive for marijuana usage. | pin accordance with MARTCO policy, Williams was terminated. MARTCO also discontinued medical payments.
Williams filed a claim for workers’ compensation benefits. After a hearing, the *892 workers’ compensation judge denied benefits based on Williams’ failure to use a safety device. The workers’ compensation judge specifically found that Williams was not intoxicated at the time of the accident. Williams lodged this appeal alleging the workers’ compensation judge erred in denying benefits for the failure to use a safety device. MARTCO answered the appeal alleging the workers’ compensation judge erred in finding that Williams was not intoxicated at the time of the accident.
FAILURE TO USE SAFETY DEVICE OR GUARD
Williams contends on appeal that the workers’ compensation judge erred in denying benefits because he failed to use a provided safety device or guard. We agree.
La.R.S. 23:1081 provides in pertinent part:
(1) No compensation shall be allowed for an injury caused:
[[Image here]]
(c) by the injured employee’s deliberate failure to use an adequate guard or protection against accident provided for him, or
[[Image here]]
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
The statute first requires that the employee’s failure to use the guard or safety device be deliberate. We find the workers’ compensation judge erred in finding Williams’ actions to be deliberate in the sense required by the statute.
The record reveals that Williams was for the most part a conscientious and diligent worker. His testimony clearly suggests a strong concern for keeping the line moving and doing a good job. Nothing in the record suggests that he had been warned not to continue the behavior that led to the accident or that he was taking what he perceived to be unnecessary risks. To the contrary, he had successfully performed the same action just moments before the accident. Accordingly, we find that Williams’ actions were not a deliberate failure to use an adequate guard as contemplated by the statute.
Even if this were not the case, we do not believe that MARTCO established that the guard was an “adequate guard” in the sense contemplated by the statute. MARTCO argues that its alleged oral instructions requiring the employee to remove the conveyor’s safety rail constituted an adequate guard. Generally to establish an “adequate guard,” the employer must show that the employee had knowledge of the function and adequacy of the protection and that the device was provided solely as a guard or protection for the employee. Allen v. Louisiana Wood Moulding Corp., 29,947 (La.App. 2 Cir. 1/23/98); 706 So.2d 636. In this case, the evidence suggests that the employee was unaware of the function and adequacy of the device. Moreover, it is likely that the employee was aware of the protection provided by the safety railing when in place but not when removed. Likewise, the only written safety regulations presented to employees provide that safety rails are to be in place at all times. At best, this sends a contradictory message to employees regarding the safety rails. Accordingly, we find that MARTCO failed to establish that the safety rail or removal thereof was an “adequate guard” as contemplated by the statute.
I ¿INTOXICATION
MARTCO contends on appeal that the workers’ compensation judge erred in finding that Williams was not intoxicated at the time of the accident. We agree.
La.R.S. 23:1081 also provides that an employee is not entitled to compensation for an injury caused “by the injured em *893 ployee’s intoxication at the time of the injury.” La.R.S. 23:1081(l)(b). Where the employee tests positive for a nonpres-cribed controlled dangerous substance, the employer is entitled to a presumption of intoxication. La.R.S. 28:1081(5). Moreover, once the employer has established intoxication or the presumption thereof, a presumption arises that the accident was caused by the intoxication, and the burden shifts to the employee to prove that intoxication was not a contributing cause of the accident. La.R.S. 23:1081(12).
The workers’ compensation judge found that Williams was not intoxicated at the time of the accident. This conclusion was based on the testimony of Williams that he hadn’t smoked dope in two weeks prior to the accident and the testimony of coworkers that he did not appear to be intoxicated. We note, however, that it is not necessary for an employee to be intoxicated to the point of helplessness in order to be deprived of compensation. Lee v. Maryman, 191 So. 733 (La.App. 1 Cir.1939).
We find the workers’ compensation judge’s conclusion that Williams was not intoxicated to be manifestly erroneous. Dr. Pflug, who evaluated the test results, indicated in his deposition that marijuana levels consistent with Williams’ could result in sluggishness, impaired judgment, impaired motor skills and other physical limitations. The evidence from the accident scene revealed that the lifting winch was not raised to a height which would have allowed the log to clear the safety rail. Therefore, the log struck the rail causing the log to fall on Williams. Clearly, I ¡Williams misjudged the height of the safety rail and the accident ensued. Williams did not rebut the presumption that this error was caused by his intoxication.
The workers’ compensation judge indicated that Williams testified that he had not smoked marijuana for two to three weeks prior to the accident. The obvious credibility issues raised by a convicted felon, drug user, and perpetrator of unemployment benefit fraud aside, Williams actually testified or stated on various occasions that he had not smoked marijuana for one week to three weeks prior to the accident. Moreover, he denied using alcohol and then applied for unemployment benefits claiming that he was terminated for using alcohol the night before the accident. Under these circumstances, the workers’ compensation judge erred in finding that Williams had overcome both the presumption of intoxication and the presumption that intoxication was a contributing cause of the accident.
DECREE
For the foregoing reasons, the judgment of the workers’ compensation judge barring claimant from receiving workers’ compensation benefits is affirmed. All costs of this appeal are taxed to claimant.
AFFIRMED.
YELVERTON, J., concurs in the result.
SAUNDERS, J., concurs in part and dissents in part and assigns reasons.