804 So.2d 924 (2001)
Alvin JOHNSON
v.
ENVIROBLAST.
No. 2001 CA 0200.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*925 Michelle Sorrells, Baton Rouge, LA, for plaintiff/appellant, Alvin Johnson.
M. Blake Monrose, Lafayette, LA, for defendant/appellee, EnviroBlast.
BEFORE: WHIPPLE, FOGG and GUIDRY, JJ.
WHIPPLE, J.
In this workers' compensation case, claimant, Alvin Johnson, appeals the OWC judgment, dismissing his claim on a motion for involuntary dismissal. For the following reasons, we affirm in part, reverse in part, and remand with instructions.

FACTS AND PROCEDURAL HISTORY
On June 30, 1999, Alvin Johnson was injured while working as a hydroblaster for EnviroBlast. EnviroBlast employees were hydroblasting the inside walls of a large tank on the premises of Dow Chemical, in order to remove a rubber coating from the walls of the tank. On this particular job, Johnson, along with three other EnviroBlast employees, worked the night shift, i.e., 6:00 p.m. to 6:00 a.m., seven days a week.
The hydroblasting process involves the use of pressurized water, and on this particular job, the employees were blasting with 40,000 pounds of pressure. Customarily, when the employees are hydroblasting, they are required to wear a slicker suit, gloves, rubber boots, a hard hat, safety goggles, a face shield and ear plugs. The process causes moisture to build up on everything surrounding the hydroblasting operations. In this case, the employees themselves, the tank and the scaffolding were all wet.
On the night of the accident, Johnson had been hydroblasting inside the tank at an estimated height of over fifty feet for about forty-five minutes or an hour when his gun malfunctioned. At that point, he climbed down the scaffolding to the bottom of the tank to have the equipment repaired. Afterthe gun had been repaired, he climbed back to the level where he had been working and once again began hydroblasting.
However, approximately forty-five minutes later, Johnson's gun again malfunctioned. He again began descending the ladder on the scaffolding to have the gun repaired. When he was approximately twenty feet from the bottom of the tank, Johnson's hands slipped off the wet ladder and he fell onto his backside. As a result of the accident, Johnson suffered a fractured tailbone and a compression fracture to the L-1 disc.
Following the accident, Johnson was taken by ambulance to River West Medical Center. At the hospital's request, a urine specimen was taken for drug testing. The hospital records indicate that the urine sample tested positive for cocaine. He was then fired, and EnviroBlast denied *926 him workers' compensation benefits based upon the defense of intoxication.[1]
Johnson then instituted this claim for workers' compensation benefits. At the hearing in this matter, Johnson admitted to having previously engaged in week-end use of cocaine, but testified that he had last used cocaine two and one-half days before the accident in question. He adamantly maintained that he was not under the influence of drugs at the time of the accident. EnviroBlast moved for an involuntary dismissal at the close of Johnson's case. It contended that, based on the positive results of the drug test administered shortly after the accident, EnviroBlast was entitled to the presumptions that Johnson was intoxicated at the time of the accident and that his intoxication caused the accident. EnviroBlast further contended that Johnson had failed to rebut these presumptions.
The workers' compensation judge agreed and granted EnviroBlast's motion for involuntary dismissal. From this judgment, Johnson appeals, contending that the workers' compensation judge committed manifest error in finding that he had failed to rebut the presumption of intoxication.

INVOLUNTARY DISMISSAL
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party may move for a dismissal of the action on the ground that upon the facts and law, the plaintiff has shown no right to relief. LSA-C.C.P. art. 1672(B). The appropriate standard for the trial court's determination of a motion for involuntary dismissal is whether the plaintiff has presented sufficient evidence in her case-in-chief to establish a claim by a preponderance of the evidence. Politz v. Recreation and Park Commission for Parish of East Baton Rouge, 619 So.2d 1089, 1093 (La. App. 1st Cir.), writ denied, 627 So.2d 653 (La.1993). Proof by a preponderance of the evidence simply means that when taking the evidence as a whole, the fact or cause sought to be proved is more probable than not. Politz, 619 So.2d at 1093. In reviewing a workers' compensation judge's ruling on a motion for involuntary dismissal, the appellate court should not reverse that ruling in the absence of manifest error. Trench v. Harmony Construction Co., 95-1851, pp. 5-6 (La.App. 1st Cir. 4/4/96), 672 So.2d 330, 333, writ denied, 96-1130 (La.6/7/96), 674 So.2d 973.

INTOXICATION DEFENSE
Louisiana Revised Statutes 23:1081 provides, in pertinent part, as follows:
(1) No compensation shall be allowed for an injury caused:
* * *
(b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours....
* * *
(2) In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.

*927 * * *
(5) If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.
* * *
(8) In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
* * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
According to the statute, there are two separate presumptions which apply in intoxication cases. First, evidence of on- or off-the-job use of a non-prescribed controlled substance creates a presumption that the employee was intoxicated. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. At that point, the burden of proof shifts to the employee to prove that the intoxication was not a contributing cause of the accident. If he does so, the intoxication defense of the employer is defeated. Williams v. Louisiana Coca-Cola Company, 94-810, p. 6 (La.App. 5th Cir. 3/1/95), 652 So.2d 108, 111, writ denied, 95-0797 (La.5/12/95), 654 So.2d 349.

DISCUSSION
In granting EnviroBlast's motion for involuntary dismissal, the workers' compensation judge necessarily found that Johnson had not presented sufficient evidence in his case-in-chief to establish by a preponderance of the evidence that he was not intoxicated at the time of the accident or that his presumed intoxication was not a contributing cause of the accident.
Johnson does not dispute that the urine analysis performed shortly after the accident in question was positive for cocaine, and, thus, clearly acknowledges the applicability of LSA-R.S. 23:1081(1)(b) and (5), which provide for the presumption that he was intoxicated at the time of the accident. Rather, Johnson asserts that the workers' compensation judge erred in concluding that he failed to overcome the presumption of intoxication and corresponding presumption that the accident was caused by the intoxication.
Before an appellate court can disturb a factual finding of the trial court, it must determine that the finding is manifestly erroneous and has no factual basis. Manifest error has been defined as a finding that is not reasonably supported by credible evidence in the record. Politz, 619 So.2d at 1095. Additionally, where issues of credibility are involved in a workers' compensation matter, the determination of the credibility of a witness' testimony is subject to the strictest deference. Porche v. S & M Construction, 97-923, p. *928 7 (La.App. 5th Cir. 4/15/98), 711 So.2d 429, 432.
In concluding that EnviroBlast had established the defense of intoxication and was entitled to involuntary dismissal of Johnson's claim against it, the workers' compensation judge noted that while Johnson denied cocaine use on the specific day of the accident, he did admit to off-the-job use of cocaine on other work days. The workers' compensation judge found as a fact that Johnson had a "problem" with drug use, as supported by his testimony that he used drugs on a weekly basis and the two positive drug test results. Thus, Johnson's self-serving testimony that he did not use drugs in the two days immediately preceding the accident could have readily been discounted.
Additionally, with regard to the testimony of Johnson's co-workers that he did not appear intoxicated around the time of the accident, we note that it is not necessary for an employee to be intoxicated to the point of helplessness in order to be deprived of compensation. Williams v. MARTCO Partnership, 99-245, p. 4 (La. App. 3rd Cir. 6/2/99), 752 So.2d 890, 893; see also Barker v. Allen Canning Company, 95-252, pp. 3-4 (La.App. 3rd Cir. 10/4/95), 663 So.2d 320, 321-322, writ denied, 95-2688 (La.1/12/96), 666 So.2d 323.
More importantly, we note that no co-worker actually saw the accident happen, nor precisely what Johnson was doing immediately before he fell. Neither of the two witnesses who testified at trial was present inside the tank during the forty-five minutes to one hour immediately preceding the accident. The fact that neither of the witnesses observed Johnson for some time prior to his fall, coupled with his positive drug screen, is not sufficiently countered by the testimony of Johnson's co-workers, who indicated that, before his fall, he appeared normal to them at different times during the day. No witness who testified at trial observed Johnson for a significant period of time immediately before his accident. Thus, we cannot conclude that the worker's compensation judge committed manifest error in finding that the testimony Johnson presented did not overcome the presumption that his intoxication was a contributing cause of the accident. See Meliet v. Brown & Root Industrial Services, Inc., 94-789, p. 5 (La. App. 5th Cir. 3/1/95), 652 So.2d 105, 108, writ denied, 95-0788 (La.5/5/95), 654 So.2d 328; see also Johnson v. Abraham Payton Roofing and Company, 99-1967, pp. 3-5 (La.App. 4th Cir. 4/5/00), 761 So.2d 30, 32-33.
After a careful review of the record in its entirety, including Johnson's admitted regular use of non-prescribed drugs on work days, and considering the obvious credibility determinations made herein, we are unable to say that the workers' compensation judge was manifestly erroneous in determining that Johnson had failed to establish by a preponderance of the evidence that his intoxication was not a contributing cause of his accident.[2] Accordingly, we likewise find no manifest error in the workers' compensation judge's granting of EnviroBlast's motion for involuntary dismissal of Johnson's claim for weekly indemnity benefits and ongoing medical treatment.
We note, however, that EnviroBlast is responsible for the reasonable emergency *929 medical care provided Johnson on the date of the accident until such time as his condition was stabilized. LSA-R.S. 23:1081(13); Savoy v. Cecil Perry Improvement, Co., 96-889, pp. 12-15 (La.App. 3rd Cir. 2/5/97), 691 So.2d 692, 700-701. The parties have not specifically addressed this issue, and it is unclear from the record before us whether these requested medical expenses have been paid by EnviroBlast.[3] Accordingly, we remand this matter for consideration and determination of this issue.

CONCLUSION
For the above and foregoing reasons, the judgment of the workers' compensation judge, granting EnviroBlast's motion for involuntary dismissal, is affirmed in part, and reversed in part. The matter is hereby remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed equally against the parties.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Although not relevant to the issue of whether or not he was under the influence of drugs at the time of the accident, Johnson submitted to a second drug test seven days after the accident at the request of EnviroBlast. This test was also positive for cocaine.
[2] Although we do not find support for, and disagree with, some of the statements in the oral reasons for judgment, we find, on review, the judgment is legally correct. As an appellate court, we review judgments, not reasons for judgment. See Huang v. Louisiana State Board of Trustees for State Colleges and Universities, 99-2805, p. 5 & n. 3 (La.App. 1st Cir. 12/22/00), 781 So.2d 1, 6 & n. 3.
[3] According to the LDOL Form 1008, no medical treatment had been authorized.