KLINE, J.
| ^Priscilla Brown appeals a final judgment of the Office of Workers’ Compensation (“OWC”) regarding the calculation of her temporary total disability benefits and *34 the denial of her claim for penalties and attorney fees. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In 2010, Priscilla Brown was employed by the State of Louisiana through the Department of Health and Hospitals (“DHH”) at Earl K. Long Medical Center (“EKL”). Ms. Brown was a full-time employee who worked 40 hours per week. Ms. Brown earned an hourly wage of $10.48, plus time and a half for any hours she worked over 40 hours per week. Claimant avers she worked an average of 43 hours per week in the four-week period before she suffered an injury by accident, on April 17, 2010, while in the course and scope of her employment with DHH. Claimant has received workers’ compensation temporary total disability (“TTD”) benefits since the April 17, 2010 accident at a rate of $296.95 per week, based on an average weekly wage of $445.42. Ms. Brown contends DHH miscalculated her average weekly wage, and she is, therefore, entitled to penalties and attorney fees. Ms. Brown believes benefits are payable to her in the amount of $310.91 per week, based on an average weekly wage rate of $466.36.
The trial of the claim was conducted on May 31, 2012. The disputed issues were limited to the calculation of the average weekly wage amount upon which Ms. Brown’s TTD benefits were based. The workers’ compensation judge (“WCJ”) held that DHH’s calculation of Ms. Brown’s TTD benefits at a weekly rate of $296.95, based on an average weekly wage of $445.42, was correct. The WCJ denied Ms. Brown’s claim for penalties and attorney fees. From that judgment, signed on June 15, 2012, Ms. Brown has instituted this appeal.
| ^STANDARD OF REVIEW
In a workers’ compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Harrison v. Auto King, 03-1620 (La.App. 1 Cir. 5/14/04), 879 So.2d 796, 799.

LAW AND DISCUSSION

Calculation of Average Weekly Wage

Claimant assigns error on the part of the WCJ for finding that the DHH calculation of her average weekly wage at $445.42, with a corresponding weekly TTD rate of $296.95, was correct. Ms. Brown asserts that her average weekly wage was $466.36, rather than $445.42 (a difference of $13.96). Ms. Brown alleges that her average weekly wage should be calculated based on the average hours she actually worked in the four full weeks preceding her accident, multiplied by her hourly wage rate. At the time of her accident, Ms. Brown was paid an hourly wage of $10.48. For any hours worked over 40, she was paid time and a half, and these overtime hours were paid to her in the form of compensatory “K-time.” At the trial of this matter, Ms. Brown testified that her overtime hours were hours she actually worked, but were not reflected in her paycheck.
The record indicates that Ms. Brown was a full-time employee who worked 40 hours per week. The calculation of Ms. Brown’s average weekly wage is governed *35 by Louisiana Revised Statutes 23:1021(12)(a)(i), which provides:
(12) “Wages” means average weekly wage at the time of the accident. The average weekly wage shall be determined as follows:
14(a) Hourly wages.
(i) If the employee is paid on an hourly basis and the employee is employed for forty hours or more, his hourly wage rate multiplied by the average actual hours worked in the four full weeks preceding the date of the accident or forty hours, whichever is greater[.]
Claimant’s accident occurred on April 17, 2010. The four full weeks preceding the date of her accident were the weeks ending March 21, March 28, April 4, and April 11, 2010. Ms. Brown testified at trial that she worked a total of 40 hours for the weeks ending March 21, March 28, and April 11, 2010. She further testified that she worked 52 hours for the week ending April 4, 2010. Claimant testified that she earned compensatory “K-time” for the 12 overtime hours she worked that week. Thus, Ms. Brown contends that in the four full weeks preceding her accident, she averaged 48 hours per week.
The record indicates that Ms. Brown used annual leave, sick leave, and compensatory leave during the four full weeks preceding her injury, such that she did not actually work 40 hours per week during that period. In the four weeks prior to her accident, the record indicates that Ms. Brown actually worked 31.1 hours, 12 hours, 36 hours, and 32.2 hours, respectively. However, because Ms. Brown is a full-time employee, she is entitled to the presumption of having worked at least 40 hours under Section 1021(12)(a)(i).
Ms. Brown contends the WCJ erred in calculating her average weekly wage by failing to include her compensatory “K-time” for the extra 12 hours she worked during the week ending April 4, 2010. Louisiana Revised Statutes 23:1021(12)(f) provides:
(f) Income tax. In the determination of “wages” and the average weekly wage at the time of the accident, no amount shall be included for any benefit or form of compensation which is not taxable to an employee for federal income tax purposes; however, any amount withheld by the employer to fund any nontaxable or tax-deferred benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee’s wage and average weekly wage |,.Including but not limited to any amount withheld by the employer to fund any health insurance benefit provided by the employer and which was elected by the employee in lieu of taxable earnings shall be included in the calculation of the employee’s wage and average weekly wage.
The Louisiana Supreme Court has stated that the word “taxable” was intended by the Legislature to be expanded to include “potentially” taxable fringe benefits that had not yet been received (or used) by an employee, but would be received only “at some uncertain point in the future.” Hargrave v. State ex rel. Dept. of Transp. & Dev., 10-1044 pp. 9-10 (La.1/19/11), 54 So.3d 1102, 1107. The WCJ based the calculation of Ms. Brown’s average weekly wage on the actual earnings reflected in her payroll records for the four weeks preceding her accident. The WCJ did not credit Ms. Brown with 52 hours for the week ending April 4, 2010, and calculated the wages based on a 40-hour work week. The calculation of $445.42, as Ms. Brown’s average weekly wage, represents the averaged, actual earnings received by her and taxed in the four full weeks prior to her *36 injury. The trial court held that Ms. Brown was not entitled to include compensatory “K-time,” which was accrued, but not used, in the calculation of her average weekly wage rate. Accordingly, the WCJ correctly based Ms. Brown’s average weekly wage upon wages and benefits actually taxed during the four full weeks prior to her injury.
After a thorough review of the record and the jurisprudence, we cannot say that the WCJ committed manifest error or was clearly wrong in calculating Ms. Brown’s average weekly wage rate.

Penalties and Attorney Fees

Ms. Brown assigns error on the part of the WCJ for denying her claim for penalties and attorney fees. Pursuant to Louisiana Revised Statutes 23:1201(F), failure to provide benefits will result in a penalty and attorney fees unless the claim is reasonably controverted. Attorney fees (as well as penalties) awarded for failing to reasonably controvert the claim are statutory fees assessed against the employer. McCarroll v. Airport Shuttle, Inc., 00-1123 p. 5 (La.11/28/00), 773 So.2d 694, 698. In the present case, the WCJ did not err in holding that DHH did not miscalculate Ms. Brown’s average weekly wage. Thus, no penalties or attorney fees are due.

DECREE

Therefore, for the foregoing reasons, the June 15, 2012 judgment of the Office of Workers’ Compensation Administration, District 5, is affirmed. Costs are assessed against Ms. Brown.
AFFIRMED.