THERIOT, J.
|2Gregory and Cynthia Henkelmann appeal a judgment dismissing their suit against Whiskey Island Preserve, LLC based on the doctrine of res judicata. We affirm the judgment of dismissal and deny Whiskey Island Preserve, LLC’s request for damages for frivolous appeal.
FACTS AND PROCEDURAL HISTORY
Whiskey Island Preserve, LLC is the developer of a subdivision in Tangipahoa Parish called “The Preserve at Whiskey Island,” in which large residential lots were offered for sale in an upscale neighborhood with expansive common areas, natural woodlands, and many planned amenities. A “Declaration of Rights, Restrictions, Affirmative Obligations and *468 Conditions for the Preserve at Whiskey Island[,] a Subdivision” was recorded on June 2, 2006. This Declaration and the subdivision plat designated certain portions of The Preserve at Whiskey Island as common areas on which there could be no development and which were dedicated for the use and enjoyment of all lot owners.
Gregory and Cynthia Henkelmann purchased Lot 12 in The Preserve at Whiskey Island development for $286,985.00 on June 15, 2006. The purchase agreement was amended with a handwritten notation to show that one of the amenities shown on the sales literature, a marina/boathouse, was to be completed within 180 days from the date of the purchase agreement.
The Henkelmanns filed a suit for declaratory judgment on February 14, 2008, alleging that Whiskey Island Preserve, LLC was planning to develop a substantial portion of the common areas in the neighborhood as additional residential lots for sale. The suit also alleged that Whiskey Island Preserve, LLC had failed to complete the marina/boathouse within the allotted time period and that the Henkelmanns believed that Whiskey Island 1 .¡Preserve, LLC had abandoned its plans to build the marina/boathouse. The Henkelmanns sought a declaratory judgment establishing that the common areas are subject to a servitude and consequently there can be no obstruction or development of the common areas. Additionally, the Henkelmanns sought damages for Whiskey Island Preserve, LLC’s failure to timely construct the marina/boathouse, as well as rescission of the sale of Lot 12, return of the full purchase price, and an award of attorney fees.
The trial court recognized the Henkel-manns’ servitude and right of use of the common areas, but denied rescission of the purchase and denied damages. This court affirmed the trial court in an unpublished opinion, Henkelmann v. Whiskey Island Preserve, LLC, 11-0304 (La.App. 1 Cir. 6/1/12), 2012 WL 1965853.
Subsequently, on July 19, 2012, the Henkelmanns filed a separate suit for specific performance, alleging that Whiskey Island Preserve, LLC failed to complete the marina/boathouse within the allotted time and asking the court to order Whiskey Island Preserve, LLC to complete the marina/boathouse as promised in the purchase agreement. Whiskey Island Preserve, LLC filed a peremptory’ exception raising the objection of res judicata, pointing out that the Henkelmanns’ suit for specific performance arises out of the same transaction or occurrence (the failure to complete the marina/boathouse within the allotted time) that was litigated by the identical parties in the prior suit. In support of this assertion, Whiskey Island Preserve, LLC pointed to the now-final trial court judgment in the original suit between the parties, which stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Defendant and against Plaintiffs denying Plaintiffs’ claim for damages for failure to timely construct the marina/boat house in accordance with the terms of the purchase agreement, as well as Plaintiffs’ claim for ^rescission of the sale of Lot 12 with full restitution of the sale price and an award of attorney’s fees is hereby denied.
The trial court sustained the exception raising the objection of res judicata, and the Henkelmanns appealed. Whiskey Island Preserve, LLC answered the appeal seeking attorney fees and costs for a frivolous appeal.
DISCUSSION
The doctrine of res judicata is set forth in Louisiana Revised Statutes 13:4231, which provides:
*469 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of the above statute, the supreme court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron U.S.A., Inc. v. State, 07-2469, p. 10 (La.9/8/08), 993 So.2d 187, 194. The “chief inquiry” is whether the second Inaction asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. Id. The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments. Stroscher v. Stroscher, 01-2769, p. 6 (La.App. 1 Cir. 2/14/03), 845 So.2d 518, 525.
The Henkelmanns concede that the judgment in the first suit is final and valid and that the parties in the two suits are identical. They also concede that both suits arise out of the commitment to build the marina/boathouse. However, the Hen-kelmanns assert that the doctrine of res judicata should not apply to their second suit because the cause of action asserted in the second suit (the abandonment of the marina/boathouse plan) did not exist at the time of the first suit. The Henkelmanns allege in their brief that at the time of the trial in the first suit, the construction of the marina/boathouse had only been delayed by unforeseen events, not abandoned. However, the Henkelmanns’ petition in the first suit contains allegations that the plans for the marina/boathouse had been abandoned:
12.
When the Plaintiffs agreed to purchase Lot 12, Plaintiffs and Defendant entered into an agreement to buy and sell dated May 07, 2006 which agreement provides that Defendant will complete the Marina/Boathouse at Whiskey Island within 180 days of the date that agreement is executed, This contract formed part of the consideration that Plaintiffs received for the purchase price.
13.
The Defendant has failed to complete the Marina/Boathouse within the allotted time period and, as a result, Plaintiffs have been deprived of the benefit of the Marina/Boathouse.
14.
Furthermore, Plaintiffs have been informed that the Defendant may or has abandoned plans to build the Mari *470 na/Boathouse. Plaintiffs are entitled to rescind the sale of Lot 12 due to the failure to build the Marina/Boathouse.
| ^Although the Henkelmanns acknowledge in their brief that they “could have brought a claim for specific performance in 2008,” they argue that “a claim that construction of the marina-boathouse has not progressed beyond driving a few pilings asserted in 2013, four years after the utilities were installed, is not the same claim as one asserted in 2008 at a time when Whiskey Island maintained that it had not commenced construction because of a delay in Entergy providing electric services.” We disagree. The Henkelmanns alleged in their first suit that they believed Whiskey Island Preserve, LLC had abandoned plans to build the marina/boathouse, and they could certainly have asserted a cause of action for specific performance at that time.
The Henkelmanns next argue that the doctrine of res judicata is inapplicable to their second suit because the issue of their entitlement to enforce the obligation to build the marina/boathouse was not actually litigated in the first suit. Pri- or litigation of an issue is not required in order for a cause of action to be barred by res judicata. Louisiana Code of Civil Procedure article 425 provides that a party “shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.” (Emphasis added.) After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence as a previous suit. See La. R.S. 13:4231; La. C.C.P. art. 425. Implicit in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. Once a final judgment acquires res judicata status, no court has jurisdiction to change the judgment. Stroscher, 01-2769 at p. 6, 845 So.2d at 525.
Louisiana Revised Statutes 13:4231 embraces the broad usage of the term “res judicata” to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata |7judgment on the merits precludes the parties from relit-igating matters that were or could have been raised in that action. Under issue preclusion, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: a) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and b) foreclosure of relit-igating matters that have been previously litigated and decided. Stroscher, 01-2769 at pp. 6-7, 845 So.2d at 525. Because the claim for specific performance arose from the same transaction or occurrence that was the subject matter of the prior litigation, it was required to be advanced in the earlier suit. Failure to do so results in the foreclosure of relitigation of those matters which have never been litigated. This assignment of error is without merit.
Finally, the Henkelmanns argue that exceptional circumstances exist in their case, which prevent the application of res judicata. Louisiana Revised Statutes 13:4232(A) provides an exception to the general rule of res judicata where “exceptional circumstances justify relief from the res judicata effect of the judgment.” The “exceptional circumstances” exception generally applies to complex procedural situations in which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipat *471 ed by the parties, or to decisions that are totally beyond the control of the parties. Kevin Associates, LLC v. Crawford, 04-2227, p. 8 (La.App. 1 Cir. 11/4/05), 917 So.2d 544, 549, writ denied, 06-0220 (La.5/5/06); 927 So.2d 311. The Henkel-manns assert that because the developer did not admit in the first suit that they had abandoned plans to build the marina/boathouse, the 1 ^Henkelmanns abandoned their rescission claim on appeal and filed the second suit for specific performance of the obligation to build the marina/boathouse. They claim this change constitutes an exceptional circumstance. We disagree. The Henkelmanns alleged in the original suit that Whiskey Island Preserve, LLC may have abandoned plans to build the marina/boathouse; thus, they clearly had sufficient knowledge to bring the claim for specific performance at that time. Failure to do so does not constitute exceptional circumstances.
Whiskey Island Preserve, LLC answered the appeal, alleging that the Henkelmanns’ appeal is frivolous and designed only to harass them and ask this court to award attorney fees and costs incurred in the frivolous appeal.
Louisiana Code of Civil Procedure article 2164 provides that an appellate court may award damages, including attorney fees, for a frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. The courts have been reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877, p. 13 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Id. Furthermore, because appeals are favored in our law, penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Id. We do not agree with the Henkelmanns’ arguments and did find that they lack merit. However, we cannot say this appeal was taken solely for the purpose of Udelay or that appealing counsel does not seriously believe in the position he advocates. Therefore, damages for frivolous appeal are denied.
CONCLUSION
The judgment of the trial court dismissing plaintiffs’ suit based on res judicata is affirmed. The Preserve at Whiskey Island, LLC’s request for attorney fees is denied. All costs of this appeal are assessed to Gregory C. Henkelmann and Cynthia L. Henkelmann.
AFFIRMED; RELIEF SOUGHT IN ANSWER TO APPEAL DENIED.