PETTIGREW, J.
lain this workers’ compensation case, the claimant, Carlos Cordon, appeals a December 3, 2013 judgment of the Office of Workers’ Compensation (“OWC”), finding that Cordon forfeited his rights to all workers’ compensation indemnity benefits and medical benefits, based on the intoxication defense set forth in La. R.S. 23:1081, and ordering Cordon to pay LUBA Casualty Insurance Company (“LUBA”) restitution of $140,491.71 for indemnity benefits and $145,536.99 for medical benefits, and attorney fees of $10,000.00. For the reasons that follow, we affirm in part, vacate in part, and remand.
FACTS AND PROCEDURAL HISTORY
The underlying action arises out of a workers’ compensation claim brought by Cordon for injuries he sustained after a stack of mirrors fell on him while in the course and scope of his employment with Parish Glass of St. Tammany, Inc. (“Parish Glass”). Cordon was part of a crew that was loading mirrors at a warehouse onto Parish Glass trucks to be transported to the Parish Glass facility. There were two glass trucks being used for the job. One truck was operated by Scott Bakay, the owner of Parish Glass, who was being helped by Brandon Aubert, another Parish Glass employee. The second truck was driven by Cordon, who was working with Rick Bakay, a non-employee helper and Scott Bakay’s brother. The two trucks had made one trip from the warehouse to Parish Glass without incident. And having *636 finished unloading their truck first, Cordon and Rick headed back to the warehouse for another load.
Although they had been instructed to wait for the other truck to get back to the warehouse before moving the mirrors, they did not wait and began moving the mirrors without help. Cordon and Rick successfully moved about three or four mirrors from a crate onto the truck, when they decided to wait for help from the others before proceeding any further. According to Rick, he was securing a mirror to the truck when he heard a pop. He looked back and saw the mirrors in the crate beginning to shift. When he saw the mirrors starting to fall, he ran'over to try to stop them, but the weight was too heavy for him. Not knowing where Cordon was at the time, Rick warned Cordon to get |,-¡out of the way and let them fall. When the mirrors hit the ground, Rick heard Cordon yell, looked over, and saw Cordon under the mirrors. As a result of the accident, Cordon suffered a broken leg (requiring multiple surgeries), lacerations to his right arm (resulting in permanent scarring), and an aggravation of a preexisting neck injury.
The August 28, 2013 trial of this matter turned on the issue of whether Cordon was intoxicated at the time of the accident. A drug screen, conducted in the emergency room of Northshore Regional Medical Center immediately following the accident, indicated the presence of prescription drugs and marijuana in Cordon’s bloodstream.[1] Parish Glass and LUBA presented the expert testimony of Dr. William George, a pharmacologist and toxicologist, who testified that the drug combination in Cordon’s blood should be considered a contributing factor in the accident. Cordon countered with the testimony of Dr. Adrian Talbot, his internist, who testified that the results of a drug screen did not conclusively prove intoxication at the time of the accident. Cordon further stressed that all of the eyewitnesses testified that Cordon did not take drugs nor did he appear intoxicated on the day of the accident.
At the conclusion of the evidence, the OWC took the matter under advisement. Subsequently, on December 3, 2013, the OWC signed a judgment in favor of Parish Glass and LUBA. The OWC found that Parish Glass and LUBA proved that Cordon was intoxicated at the time of the accident and that his intoxication was a factor in the accident. The OWC further found that Cordon failed to rebut the presumption of intoxication. Cordon was ordered to pay back all benefits received and was denied damages for scarring, ongoing medical treatment, penalties, and attorney fees. It is from this judgment that Cordon filed the instant appeal. Parish Glass and LUBA answered the appeal, seeking relief for having to defend this appeal.
LDISCUSSION
On appeal, Cordon alleges that even if the OWC determined that Parish Glass was entitled to the presumption of intoxication detailed in La. R.S. 23:1081, it is readily apparent that when the burden shifted to him, he was able to rebut the presumption of intoxication by a preponderance of the evidence. Cordon further points out that not only is he entitled to ongoing medical benefits and indemnify benefits, but also that he is entitled to scarring benefits, penalties, and attorney fees.[2] Finally, Cordon maintains that Par *637 ish Glass and LUBA are not entitled to reimbursement for payments voluntarily made, nor are they entitled to reimbursement for emergency medical, payments.
In response, Parish Glass and LUBA assert that considering all of the evidence introduced into the record, it is clear that the presumptions of La. R.S. 23:1081 were triggered. Thus, it was incumbent on Cordon to first rebut the presumption that he was intoxicated at the time of the accident, and second to rebut the presumption that the intoxication was the cause of the accident. Parish Glass and LUBA contend that the OWC received and weighed all of the evidence and correctly determined that Cordon was not a credible witness and did not rebut either presumption,
In order for Cordon to receive workers’ compensation benefits, he must establish, by a preponderance of the evidence, a work-related accident. La. R.S. 23:1031(A); Iberia Medical Center v. Ward, 2009-2705, p. 13 (La.11/30/10), 53 So.3d 421, 430-431. This issue is undisputed. However, La. R.S. 23:1081(Z )(b) provides that an employee may not recover workers’ compensation benefits if his injury was caused by intoxication, unless the intoxication resulted from activities which were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours. Louisiana Revised Statutes 23:1081(5) provides that an employee is presumed to be | intoxicated if there is evidence of use of a non-prescribed controlled dangerous substance. In such cases and in order to support a finding of intoxication, an employer need' only prove the use of such drug by the employee by a preponderance of the evidence. La, R.S. 23:1081(8). Once the employer has satisfied its burden of proving intoxication at the time of the accident, a presumption of causation due to the intoxication arises. La. R.S. 23:1081(12); see also La. R.S. 23:1081(8). The burden then shifts to the employee to prove that “the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.” La. R.S. 23:1081(12).
According to this statute, there are two separate presumptions that apply in intoxication cases. First, evidence of: on- or off-the-job use of a non-prescribed controlled substance creates a presumption that the employee was intoxicated at the time of the accident. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. At that point, the burden of proof shifts to the employee to prove by a preponderance of the evidence that the intoxication was not a contributing cause of the accident. If he does so, the intoxication defense of the employer is defeated. Johnson v. EnviroBlast, 2001-0200, p. 5 (La.App. 1 Cir. 12/28/01), 804 So.2d 924, 927.
In a workers’ compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Brown v. State ex rel. Dept. of Health and Hospitals, 2012-1653, p. 3 (La.App. 1 Cir. 5/28/13), 118 So.3d 33, 34. For an appellate court to reverse the factual findings of the OWC, it must find from the record that a reasonable factual basis does not exist for the finding of the OWC and that the record establishes that the finding is clearly wrong. Smith v. Lafarge North America, L.L.C., 2012- *638 0337, p. 4 (La.App. 1 Cir. 11/2/12), 111 So.3d 379, 382. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stogner v. Smith & Smith, LLC, 2011-0413, p. 7 (La.App. 1 Cir. 11/9/11), 80 So.3d 47, 51. Furthermore, where two permissible views of the evidence exist in a workers’ compensation case, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Dawson v. Terrebonne General Medical Center, 2010-2130, p. 6 (La.App. 1 Cir. 5/19/11) 69 So.3d 622, 627.
After considering the testimony of the witnesses and the documentary evidence that was introduced, the OWC offered the following written reasons for judgment on December 3, 2013:
Claimant and Rick Bakay, who was a non-employee helper that day and a brother of Scott Bakay the owner of the defendant company, were sent to a location to help load plate glass for transport. When claimant and Rick Bakay were instructed to wait for the rest of the crew to arrive to help move glass, they did not wait and began moving the glass by themselves without the additional crew members.
Claimant had been doing this type of work for years. He was well aware of the inherent danger of this situation. But despite this knowledge and specific instructions from the owner Scott Bakay to wait for the rest of the crew to arrive to help move the glass, claimant proceeded to move the glass with helper Rick Bakay.
The answer as to why claimant made this dangerous decision was proven by the defendant LUBA by the evidence presented at trial that claimant was intoxicated on the date of the accident and that the intoxication was a contributing factor in causing the accident.
That this accident caused very serious injury to claimant [is] not disputed.
La. R.S. 23:1081(l)(b) provides that if an employee has a work accident with resulting injury wherein the intoxication is a contributing factor in the accident, then the employee forfeits his rights to workers’ compensation benefits.
Defendant presented a preponderance of the evidence required by La. R.S. 23:1081(5) that claimant had used non-prescribed controlled dangerous substance(s) along with his prescription medications, all of which were in claimant’s system at the time of the accident. This established the presumption that claimant was intoxicated at the time of the accident. La. R.S. 23:1081(8). See Def. exhibit 19 Dr. William George (a pharmacologist and toxicologist); the toxicology report of Northshore Regional Medical Center, see Def. exhibit.
Claimant failed to rebut that he was hot intoxicated at the time of the accident. Claimant failed to rebut that his intoxication was not a factor in causing the accident.
Dr. Adrian Talbot, testimony introduced by claimant, is not a pain management doctor and does not hold any specialties in pharmacology or toxicology. From the evidence submitted, he is a family practice physician who treats patients with pain medications. He is not board certified in 17pain management but is board certified in Critical Care Medicine, Internal Medicine and Pulmonolo-gy-
The lay witness testimony that claimant did not appear intoxicated or impaired was not convincing.
The accident would not have happened as it did if claimant had waited for the *639 rest of the crew to arrive. There might still have been an accident but it would not have been this accident. Defendant presented convincing testimony of how this accident would have been [prevented] if the rest of the crew had been on site when the plate glass was being moved. The defense proved that the drugs, legal and illegal combined, resulted in the impairment of claimant’s judgment which was a factor in causing the accident.
Claimant was ordered to pay restitution to defendant even though La. R.S. 23:1208 was not plead as an affirmative defense nor as a reconventional demand[3] However, restitution for payments made is allowed following a judgment wherein benefits are forfeited due to intoxication. See generally, Hood v. Will Transport (La.App. 2 Cir. 12/7/2005), 917 So.2d 648.
In concluding that Parish Glass and LUBA established the defense of intoxication, the OWC noted that Cordon had used non-prescribed controlled dangerous substances along with his prescription medications, all of which were in his system at the time of the accident. The OWC found as a fact that the defense proved that the drugs, both legal and illegal combined, found in Cordon’s system “resulted in the impairment of [Cordon’s] judgment” and was a factor in causing the accident. This established the presumption that Cordon was intoxicated at the time of the accident and that his intoxication caused the accident. Cordon failed to rebut these presumptions.
Additionally, with regard to the testimony of Cordon’s co-workers that he did not appear intoxicated around the time of the accident, we note that it is not necessary for an employee to be intoxicated to the point of helplessness in order to be deprived of compensation. Johnson, 2001-0200 at 7, 804 So.2d at 928.
After a careful review of the record in its entirety, and considering the obvious credibility determinations made herein, we are unable to say that the OWC was ^manifestly erroneous in determining that Cordon failed to establish by a preponderance of the evidence that his intoxication was not a contributing cause of his accident. Accordingly, we likewise find no manifest error in the OWC’s judgment finding that Cordon forfeited his rights to all workers’ compensation indemnity and medical benefits pursuant to La. R.S. 23:1081(l.)(b) and that LUBA is entitled to restitution for benefits paid, attorney fees, and costs of the proceedings.
We note, however, that Parish Glass is responsible for the reasonable emergency medical care provided to Cordon on the date of the accident until such time as his condition was stabilized. La. R.S. 23:1081(13); Johnson, 2001-0200 at 8, 804 So.2d at 928-929. Although the parties have not specifically addressed this issue, Cordon does argue on appeal that LUBA is not entitled to reimbursement for emergency medical payments. We are unable to discern from the record what medical expenses are attributable to the reasonable emergency medical care provided to Cordon immediately following the accident. Accordingly, we remand this matter for consideration and determination of this issue, such that the portion of the OWC’s December 3, 2013 judgment that awarded *640 restitution to LUBA for medical benefits paid on behalf of or to Cordon in the amount of $145,536.99 shall be amended to reflect a deduction for the amount paid for reasonable emergency medical care.
ANSWER TO APPEAL
Parish Glass and LUBA have answered Cordon’s appeal herein, seeking relief for having to defend this appeal. They assert that the OWCs December 3, 2013 judgment should be affirmed in all respects and that this court award them “expenses and costs [incurred] in investigating and defending this claim”, below and on appeal.
On May 19, 2014, this court, ex propio motu, issued a rule to show cause why the answer to the appeal should not be dismissed as untimely. On July 28, 2014, the rule to show cause was referred to the merits. We have reviewed the record before us and find that Parish Glass and LUBA satisfied their burden of proving the timeliness of their answer. Thus, we maintain the answer.
| ¡Louisiana Code of Civil Procedure article 2164 provides that an appellate court may award damages, including attorney fees, for a frivolous appeal, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. The courts have been reluctant to grant damages under this article, as it is penal in nature and must be strictly construed. Henkelmann v. Whiskey Island Preserve, LLC, 2013-0180, p. 8 (La.App. 1 Cir. 5/15/14), 145 So.3d 465, 471. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for the purpose of delay or that counsel does not sincerely believe in the view of law he advocates. Furthermore, because appeals are favored in our law, penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Id.
We cannot say that this appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position she advocates. Thus, considering the arguments asserted by Cordon on appeal, and specifically noting that this court has granted some of the relief requested we decline to award Parish Glass and LUBA any damages for frivolous appeal.
CONCLUSION
For the above and foregoing reasons, that portion of the December 3, 2013 judgment of the OWC, finding that Cordon forfeited his rights 10 all workers’ compensation indemnity benefits and medical benefits, based on the intoxication defense set forth in La. R.S. 23:1081, and ordering Cordon to pay LUBA restitution of $140,491.71 for indemnity benefits and attorney fees of $10,000.00 is affirmed. That portion of the judgment ordering Gordon to pay LUBA restitution of $145,536.99 for medical benefits is vacated, and the matter is hereby remanded for further proceedings, consistent with the views expressed herein, for the OWC to determine the amount of medical benefits to be refunded after deducting the amount of medical benefits paid for reasonable emergency medical care. Costs of this appeal are assessed equally against the parties.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS; RELIEF SOUGHT IN ANSWER TO APPEAL DENIED.

. The hospital records indicate that Barbiturates, Benzodiazepin, Opiates, THC, and Tricyclics were all detected above the threshold levels in the urine sample furnished by Cordon.

. As set forth more fully below, we find Cordon failed to rebut the presumptions of La. *637 R.S. 23:1081 and forfeited his rights to workers' compensation benefits. Thus, we preter-mit discussion of any issues related to Cordon’s entitlement to any further benefits such as scarring benefits, ongoing medical treatment, penalties, and attorney fees.

3. We note, however, that Parish Glass and LUBA did file a reconventional demand arguing that because Cordon engaged in action in violation of La. R.S. 23:1081(1)(b), his compensation claim should be dismissed and he should be ordered to reimburse them for all indemnity and medical benefits paid, as well as litigation costs and expenses, in accordance with La. R.S. 23:1206 and La. Civ.Code art. 2299.