CRAIN, J.,
concurring.
|,I concur in the result. I disagree that the testimony from Boudreaux’s coworkers, who saw or interacted with him only briefly' during the shift, is sufficient to rebut the presumption of intoxication, -particularly considering that the' last interaction between a co-worker and Boudreaux was at least one hour before the accident. See Johnson v. EnviroBldst, 2001-0200 (La.App. 1 Cir. 12/28/01), 804 So.2d 924, 928. I also disagree that the evidence of a “pinch point” in the loading area is sufficient to rebut the presumption that the accident was caused by the intoxication. While the pinch point may have increased the risk of an' accident,' that evidence does not establish that Boudreaux’s presumed intoxication “was not a contributing cause of the accident.” See La. R.S. 23:1081(12). The mere possibility that an accident could have occurred even if the victim was not intoxicated does not prove that the victim’s intoxication did not contribute to the accident.
However, I concur in the result because I believe the trial court erred in excluding the plaintiffs’ expert report, which did create an issue of fact as to whether Bou-dreaux’s presumed intoxication was a contributing cause of the accident. That exhibit, attached to a memorandum filed in opposition to the motion for summary judgment, is deemed admitted because the defendant’s objection, and the specific grounds therefor, were not set forth in a memorandum or motion served before the hearing. See La.Code Civ. Pro. art. 966(F)(2) and (3); La. Dist. Ct. Rule 9.9. The “Daubert ” motion relied upon by the defendant only | ^challenged the expertise of the author of the report. The motion did not object to the report on the basis that it was not an affidavit. That ground for excluding the report was raised for the first time at the hearing of the motion and, therefore, was untimely and should have been overruled. See La.Code Civ. Pro. art. 966(F)(2) and (3).